**Michael B. ROOSTH, Relator,**

v.

**The Honorable Allen J. DAGGETT, Judge of the 310th District Court, Harris County, Texas, Respondent.**

No. B14–93–00854–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 6, 1994.

Shawn Casey, Houston, for appellant.

Bobbie G. Bayless, Earle S. Lilly, Judy L. Warne, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Relator seeks a writ of mandamus or a writ of prohibition to enjoin Judge Daggett from holding him in contempt for violation of a turnover order. We conditionally grant the writ of mandamus.

On December 30, 1992, Judge Daggett entered a Decree of Divorce for Michael and Linda Roosth. Relator was ordered to pay three thousand dollars a month in child support for his four minor children, and was ordered to pay ninety-two thousand, five hundred and ninety-five dollars in attorney's fees "incurred for the benefit of the minor children." On March 17, 1993, Relator perfected his appeal of the divorce decree to this Court. Relator did not file a supersedeas bond. Because no supersedeas was filed, Linda Roosth's attorneys proceeded to execute on the ninety-two thousand dollar award of attorney's fees.[1] On June 25, 1993, the trial court signed a turnover order, requiring Relator to liquidate certain property to satisfy the money judgment. The trial court also appointed a receiver to collect the liquidated property. On July 8, 1993, Relator appealed the trial court's turnover order to this Court.

On August 19, 1993, Linda Weiner, (Linda Roosth), filed a motion to enforce the child support order. The trial court signed a show cause order requiring Relator to appear in court on September 27, 1993, and show cause why he should not be held in contempt for violation of the child support order. On August 30, 1993, Ms. Weiner filed a motion to hold Relator in contempt of the turnover order. Relator had failed to deliver any of the assets to the receiver. The trial court signed a show cause order, requiring Relator to appear in court on September 27, 1993, and show why he should not be held in

contempt for violating the turnover order. Relator then filed this writ of mandamus and writ of prohibition, asking us to enjoin Judge Daggett from holding him in contempt of both the child support and turnover orders. We initially stayed both proceedings, pending our disposition of the motions for leave to file mandamus. We denied leave to file as to the child support issue, and we removed the stay. We are now faced with the issue of whether mandamus or prohibition is a proper remedy to stay enforcement of a money judgment pending appeal.

Relator claims that the trial court lost jurisdiction to hold him in contempt of the turnover order once the turnover order was appealed. He maintains that only this Court has jurisdiction to hold him in contempt. To support his position, Relator relies on *Schultz v. The Fifth Judicial District Court of Appeal at Dallas,* 810 S.W.2d 738 (Tex. 1991).

In *Schultz,* the Supreme Court was faced with a mandamus in which the court of appeals had declined to enter a contempt motion, based upon a turnover order that was the subject of an appeal pending in that court of appeals. The underlying dispute began as a collection suit. Michael Schultz, one of the guarantors on a note, failed to answer, and the trial court rendered an interlocutory default judgment against him. The second guarantor was nonsuited, and the judgment against Schultz became final in 1989. There was no appeal of the underlying default judgment. On October 5, 1990, the trial court signed a turnover order and appointed a receiver. Schultz filed a supersedeas bond and perfected an appeal of the turnover order. Schultz then failed to turn over his paycheck to the receiver. The Real Party in Interest filed a motion for leave to file a contempt motion in the court of appeals. The court of appeals denied the motion, holding that a trial court retains jurisdiction to enforce its judgments by contempt. The Real Party in Interest then filed a motion for contempt in the trial court. Schultz objected to the trial court's jurisdiction, and filed a

---

1. "A judgment creditor has a statutory right to have execution issue to enforce a judgment pending appeal where no supersedeas bond has been filed or approved." *Anderson v. Lykes,* 761 S.W.2d 831, 833 (Tex.App.—Dallas 1988, no writ); Tex.R.Civ.P. 627.

motion for writ of mandamus in the court of appeals. The court of appeals denied the writ. Schultz then filed a motion for leave to file a writ of mandamus in the Supreme Court.

The Supreme Court first addressed the issue of whether the order was final and appealable, so as to vest jurisdiction in the appellate court. The Court held that a post judgment turnover order is an appealable final judgment. *Schultz* at 738. The Court noted that when a turnover order resolves property rights and acts as a mandatory injunction, it is an appealable order. *Schultz* at 740. The Court then addressed the issue of which court had jurisdiction to hear the contempt motion. The Court held:

> for appealable orders in the nature of an injunction, in which the validity of the order alleged to have been violated is itself in issue in the appeal, the appellate court alone is vested with jurisdiction to enforce the injunctive provisions by contempt.

*Schultz* at 740. In footnote three, the Supreme Court recognized that "whether the amount of the supersedeas bond was sufficient, and whether the bond was legally effective to stay the turnover order are in dispute." However, the Court held that for reasons given in the opinion, they "need not reach [those] issues." The Court held that "the fact that a supersedeas bond has or has not been filed does not affect the vesting of exclusive jurisdiction in the appellate court." *Schultz* at 741.

The Real Party in Interest maintains that the Supreme Court in *Schultz* added a caveat, that "special family code provisions have no application in this case." *Schultz* at 740, n. 9. She claims that footnote 9 renders *Schultz* inapplicable in this case, and maintains that because the attorney's fees were deemed necessaries, "incurred for the benefit of the minor children," the trial court, under TEX.FAM.CODE ANN. § 11.19(c) (Vernon 1986), retained jurisdiction over the turnover order, despite the fact that the order had been appealed.

The Decree of Divorce, in pertinent parts, reads:

> IT IS ORDERED, ADJUDGED, AND DECREED to effect *an equitable division of the estate of the parties* and as a part of the division, each party shall be responsible for his or her own attorney's fees.... *Linda Roosth is granted judgment* against Michael Roosth in the sum *of $92,595.00 for attorney's fees, such fees assessed as costs....* In this regard, *the Court specifically finds* that said sum of $92,595.00 excludes a $10,000.00 non-creditable retainer fee charged by Piro*Nichols*Lilly and *that the sum $92,595.00 represents necessities incurred for the benefit of the minor children, and shall be assessed as costs to be paid by Michael Roosth, as set forth in the Texas Family Code § 11.18.* (Emphasis ours).

A trial court is authorized to award attorney's fees as part of the division of the estate or as costs under TEX.FAM.CODE ANN. § 11.-18(a) (Vernon 1986). *See, Rodriguez v. Rodriguez,* 616 S.W.2d 383, 384 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ) and *Abrams v. Abrams,* 713 S.W.2d 195, 197 (Tex.App.—Corpus Christi 1986, no writ). Attorney's fees may also be assessed as "necessities" for the children. *See, Schwartz v. Jacob,* 394 S.W.2d 15 (Tex.Civ.App.—Houston 1965, writ ref'd, n.r.e.) and *Wolters v. White,* 659 S.W.2d 885 (Tex.App.—San Antonio 1983, writ dismissed).

Not all awards of attorney's fees under § 11.18 are to be treated the same. Attorney's fees may be assessed as "necessities" under § 11.18 for *enforcement* of a child support order. *See Ex parte Rogers,* 633 S.W.2d 666, 671 (Tex.App.—Amarillo 1982, no writ). Such an award is incurred *as child support,* and is enforceable through contempt. *Id.; Ex parte Wessell,* 807 S.W.2d 17 (Tex.App.—Houston [14th Dist.] 1991, no writ); and *Tamez v. Tamez,* 822 S.W.2d 688 (Tex.App.—Corpus Christi 1991, writ denied). Attorney's fees may be also awarded for *other services* rendered in suits which affect the parent-child relationship. *See, Ex parte Rogers,* 633 S.W.2d 666, 671 (Tex.App.—Amarillo 1982, no writ); *Drexel v. McCutcheon,* 604 S.W.2d 430 (Tex.Civ.App.—Waco 1980, no writ); *Ex parte Payne,* 598 S.W.2d 312, 320 (Tex.Civ.App.—Texarkana 1980, no writ); and *Baluch v. O'Donnell,* 763 S.W.2d 8 (Tex.App.—Dallas 1988, original proceeding). Fees accrued as "other than

necessities for a child's support" are a debt, and are not enforceable by contempt. *Baluch* at 10.

■ Real Party in Interest maintains that these fees were incurred for the benefit of the minor children, and therefore could only be suspended by the trial court upon a request, as provided under § 11.19(c). While it is true that, in a suit affecting the parent-child relationship, the attorney's fees are often incurred for the benefit of the child, such fees are not automatically "in the nature of child support." These fees were not incurred for the *enforcement* of a child support obligation. Rather, the fees arise from a joint divorce proceeding and suit affecting the parent-child relationship, in which a child support obligation was *created.* Because these fees were specifically designated as *costs* under § 11.18, and are part of the divorce proceedings, we find that the fees are a debt which could have been suspended had Relator filed a supersedeas bond.

■ In order for a writ of mandamus to issue, Relator must show that the trial court has clearly abused its discretion, and that he has no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Pope v. Davidson,* 849 S.W.2d 916, 919 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding), *citing Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). While we recognize the frustration of the trial court in attempting to force compliance with its orders, we are required to follow the dictates of the Supreme Court. *Schultz* made it clear that an appellate court must grant mandamus when the trial court attempts to force compliance by contempt of a subject matter which has been appealed. This Court alone has the power to hold Relator in contempt of the turnover order; however, no contempt action is pending in this Court.

If the trial court holds Relator in contempt of the turnover order, this court, while able to issue a writ of habeas corpus, would be unable to undo the harm already created. Appeal is considered an inadequate remedy when the appellate court would be unable to cure the trial court's error. *Walker* at 843. While the Justices on this panel feel that the posting of a supersedeas bond *should* provide Relator with an adequate remedy, the Supreme Court has preempted us in *Schultz* by holding that exclusive jurisdiction for contempt vests in the appellate court, regardless of whether a supersedeas bond has been filed. Based upon the mandate of the Supreme Court, we are constrained to conditionally issue a writ of mandamus.

Therefore, we conditionally issue the writ, and direct Respondent to vacate his show cause order for violation of the turnover order, and refrain from holding Relator in contempt of that order. We are confident that Judge Daggett will comply with the order of this Court. The writ will not issue unless Respondent fails to vacate the order.