**Ex parte George Rudolph BINSE.**

No. 14–95–01437–CV.

Court of Appeals of Texas,
Houston (14 Dist.).

June 6, 1996.

Nancy Botts, Houston, for relator.

Stephen Musil, Austin, Sharron K. Wall, Susan Gail Bennett, Thomas J. Wallace, Houston, for respondent.

LEE, HUDSON and EDELMAN, JJ.

## OPINION

HUDSON, Justice.

In this original proceeding, relator, George Rudolph Binse, challenges the trial court's order of September 21, 1995 finding relator in contempt and the order of November 14, 1995 revoking suspension of commitment. We deny relator's petition and remand relator to custody.

Relator was ordered to pay child support by order dated March 20, 1995. A motion to enforce was filed in June 1995 by the Harris County Domestic Relations Office (HCDRO). An evidentiary hearing was held and a judgment of contempt was signed on September 21, 1995. Punishment was suspended to allow relator the opportunity to pay the arrearages by November 13, 1995. Two weeks before the court was to hold the November 13 compliance hearing, relator filed bankruptcy under Chapter 7. During the compliance hearing, relator attempted to introduce a copy of the bankruptcy notice, but the trial court refused to allow this and the hearing proceeded. The court found relator had failed to comply, revoked suspension of commitment, and ordered relator confined to the Harris County Jail.

The law does not authorize an appeal from an order of contempt. *Cine–Matics, Inc. v. State,* 578 S.W.2d 530, 531 (Tex. Civ.App.—Austin 1979, no pet.). The only method for review is by habeas corpus. The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but to determine whether he was afforded due process of law or if the order of contempt is void. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979).

Relator first claims the HCDRO lacked standing to file a motion for enforcement. HCDRO was the movant for enforcement by contempt of the child support order. In that motion, HCDRO stated it had been appointed "friend of the court" on March 20, 1995 to enforce compliance with the court order regarding child support. Relator contends there is no order appointing the HCDRO as friend of the court and the docket sheet does not mention such appointment. There is, however, a blanket order signed on August 1, 1995, by the trial judge appointing the HCDRO as friend of the court in all cases where the following criteria are present:

(1) a final order has been rendered on or after January 2, 1995; (2) child support and/or visitation is ordered; (3) all conservators reside or are employed in Harris County, Texas; (4) child support is ordered paid through the Harris County Child Support Department; and (5) no conservator has assigned any rights to support to the attorney general of Texas,

pursuant to the Texas Human Resources Code, Chapter 76.

Relator contends this order has no style showing it applies to the instant case and no notice this case falls under the categories listed. Relator further argues he was never notified of the order appointing the HCDRO. Based on these arguments, relator contends the HCDRO has no standing.

The statutory guidelines for appointing a friend of the court authorize the friend of the court to "file an action to enforce, clarify, or modify a court order relating to child support or possession of or access to a child." TEX. FAM.CODE ANN. § 202.002(b)(2) (Vernon Supp.Pamph.1996). Thus, the Family Code provides a friend of the court with standing or capacity to file suit for enforcement of child support. Furthermore, the criteria for appointment have been met in this case. The order appointing HCDRO was on file. Relator does not claim he received no notice of the motion to enforce. Therefore, we find no merit in relator's challenge to HCDRO.

■ Relator next contends the commitment order is void because it purports to imprison relator for a debt. The commitment order in this case contains a paragraph indicating that relator is to be held in the Harris County jail for 150 days and day to day thereafter until he pays the total arrearage of past due child support, "attorney's fees, as additional child support, in the amount of $1,500.00," and court costs.

Relator relies on § 106.002 of the Family Code, which provides for assessment of attorney's fees and that recovery of these fees may be enforced by any means available for enforcement of a judgment for debt. *See* TEX.FAM.CODE ANN. §§ 106.002(b), 202.005 (Vernon Supp.Pamph.1996). Relator argues the Texas Constitution prohibits imprisonment for a debt and, thus, payment of these fees is not enforceable by contempt.

■ The Texas Constitution prohibits imprisonment for debt. TEX. CONST. Art. 1, § 18. An order of confinement for failure to pay a debt violates article I, section 18, is void, and may be attacked in a habeas corpus proceeding. *Ex parte Jackson*, 590 S.W.2d 775, 776 (Tex.Civ.App.—El Paso 1979, orig.

proceeding). The courts have created an exception, however, for the failure to pay child support. In *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 188 (1953), the court held that a contempt order enforcing a child support judgment, which includes attorney's fees, does not violate the constitutional prohibition against imprisonment for debt. The basis for this holding, as it concerns attorney's fees, is that these fees and court costs are incidental to and a part of the child support obligation. *Ex parte Wagner*, 905 S.W.2d 799, 803 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding).

We do not believe the recent recodification of the Family Code changed the longstanding exception for attorney's fees incurred in the enforcement of child support by an entity such as HCDRO. Thus, we hold that relator's incarceration for failure to pay attorney's fees does not violate the constitutional prohibition against imprisonment for debt.

■ Lastly, relator claims the order revoking suspension of commitment is void. Attached to the application for habeas corpus is a notice of commencement of case under Chapter 7 of the Bankruptcy Code. Section 362 of the Bankruptcy Code provides for an automatic stay. 11 U.S.C.A. § 362 (West 1993). Action taken in violation of the automatic stay is void. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988).

■ We granted the petition for writ of habeas corpus on January 17, 1996. The following day, the bankruptcy court entered an unopposed order of dismissal based on relator's unreasonable delay of the case. Dismissal of the bankruptcy case terminates the automatic stay. *Shell Oil Co. v. Capital Financial Serv.*, 170 B.R. 903, 906 (S.D.Tex. 1994). Because the bankruptcy court has dismissed the case, we may treat the automatic stay as having never been in effect. *See id.* Absent the existence of an automatic stay, relator's challenge to the commitment order as being in violation of the stay is moot.

We deny relator's petition and order relator remanded to the custody of the sheriff of

Harris County to serve the remainder of his sentence for contempt.