**In re Teddy Charles CLARK, Relator.**

No. 14–97–01356–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1998.

Patrick Reilly, Galveston, for relator.

Carl Halla, Jr., Houston, Johnette S. Duff, League City, for respondents.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

In this petition for writ of habeas corpus, relator, Teddy Charles Clark, contends that a cash bond set by the Honorable Susan Baker Olsen, Judge of the 306th Judicial District Court of Galveston County, fails to comply with the TEX. FAM.CODE ANN. § 157.101 (Vernon 1996) and thus, is an illegal restraint of his liberty. Relator requests this court to issue a writ directing the trial court to vacate orders setting the bond and denying his motion to reduce bond. We deny the writ.

### Background

Relator and the real party in interest, Linda Lou Clark ("Linda"), were divorced in February 1996. By agreement, relator was awarded primary custody of the parties' older child and Linda was awarded primary custody of their two younger children. In the summer of 1996, the younger children visited relator in Oklahoma. At the end of the summer visitation, relator did not return the children to Linda as required by the

divorce decree. As a result, Linda filed a motion for enforcement by contempt, petition for writ of habeas corpus and motion for modification of custody. On August 13, 1996, the trial court signed orders directing relator to appear and produce the children in court on August 26, 1996. Despite being personally served with the writ and an order to appear, relator failed to appear or produce the children in court on August 26th. Two days later, the trial court issued an alias capias for relator's arrest and set a cash bond in the amount of $25,000 per child to secure relator's appearance. In September 1996, relator returned the children after being advised by the Galveston district attorney that Linda had filed a criminal complaint. Relator subsequently filed a motion to reduce the bond. After a hearing, the trial court denied the motion on May 5, 1997. In September 1997, the trial court set the modification for trial on February 2, 1998. That case has since been continued. On December 5, 1997, relator filed this petition for writ of habeas corpus contending the trial court did not comply with section 157.101 of the Family Code when it set a $50,000 cash bond.

## Analysis

■ An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.1967). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or if the order of contempt was void. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer,* 649 S.W.2d 300, 302 (Tex. 1983), or if the contempt order itself is void. *Gordon,* 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Friedman,* 808 S.W.2d 166, 168 (Tex.App.—El Paso 1991, orig. proceeding).

■ Here, while relator violated the court orders to appear and produce the children, the trial court did not find relator in contempt. Rather, the trial court ordered relator's arrest and set bond. While the issuance of a capias may be a sufficient restraint of a person's liberty to justify habeas corpus relief, *see Ex parte Rosser,* 899 S.W.2d 382, 385 n. 6 (Tex.App.—Hous.[14th Dist] 1995, orig. proceeding), relator does not complain that the orders setting the bond and denying the motion to reduce bond are void or that such orders violated his due process rights. Nor does relator dispute the trial court's authority to set a bond. Instead, relator's complaint is that the trial court abused its discretion by misapplying the law. Such a complaint is not appropriate for a writ of habeas corpus. Because relator has failed to establish his right to relief, we deny relator's petition.

ANDERSON, Justice, dissenting.

I respectfully dissent. In this original proceeding, relator contends the trial court abused its discretion by misapplying the law. Such a complaint is not appropriate for habeas corpus relief, but is proper for mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). Although relator has incorrectly designated his petition, this Court is not precluded from addressing the merits. Where, as here, relief is clearly warranted, I do not believe it serves any purpose to delay such relief so that relator can redesignate his petition.

Texas precedent holds that technical deficiencies with a petition for writ of mandamus do not, in the interest of judicial economy, preclude consideration of the merits where the relator can simply refile the petition to correct the deficiency. *See Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist] 1991, orig. proceeding [leave denied] ). In that case, however, the deficiencies were in proof, not in the designation of the petition. Nevertheless, I believe the present case is sufficiently analogous. Because relator can easily refile his petition with the correct designation, judicial economy dictates that this Court consider the merits of relator's petition. *Cf.* TEX.R. CIV. P. 71.

Mandamus relief is available if the trial court violates a duty imposed by law or abuses its discretion, either in resolving factual issues or in determining legal principles.

*Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to the determination of controlling legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *Walker,* 827 S.W.2d at 840.

Relator contends the trial court abused its discretion in failing to correctly apply section 157.101 of the Family Code when it set bond. Relator does not have an adequate remedy at law to contest the bond, which he contends is unreasonable and deprives him of the ability to attend the modification trial.[1] Following Texas Supreme Court precedent, this Court has held that an appeal is inadequate to protect the rights of children and parents in family law situations. *Yavapai–Apache Tribe v. Mejia,* 906 S.W.2d 152, 160 (Tex. App.—Houston [14 th Dist.] 1995, orig. proceeding [leave denied]) (citing *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987)). "Justice demands a speedy resolution of child custody and child support issues." *See Yavapai–Apache Tribe,* 906 S.W.2d at 160. Because the underlying case involves the rights of parents and children in a custody modification proceeding, it is subject to review by mandamus. *See id.*

Section 157.101 of the Family Code provides as follows:

(a) When the court orders the issuance of a capias as provided in this chapter, the court shall set an appearance bond or security, payable to the obligee or to a person designated by the court, in a reasonable amount.

(b) An appearance bond or security in the amount of $1,000 or a cash bond in the amount of $250 is presumed to be reasonable. Evidence that the respondent has attempted to evade service of process, has previously been found guilty of contempt, or has accrued arrearages over $1,000 is sufficient to rebut the presumption. If the presumption is rebutted, the court shall set a reasonable bond.

Under the statute, when the court issues a capias, it must set an appearance bond or security in a reasonable amount. A $1,000 appearance bond or $250 cash bond is presumed reasonable. That presumption may be rebutted, however, upon the presentation of certain evidence enumerated in the statute. If the presumption is rebutted, the court shall set bond in the amount it deems reasonable. In the order denying the motion to reduce bond, the trial court found that relator: (1) was in arrears in the payment of court-ordered interim attorney's fees in an amount in excess of $1,000, and (2) had avoided execution of the capias issued by the court on August 26, 1996. These findings do not satisfy the evidentiary bases in section 157.101(b) for rebutting the presumption that a $1,000 bond is reasonable.

This conclusion is based on the meaning of the terms "service of process" and "arrearages." Where, as here, the legislature has not defined the terms in the statute, this Court must apply their ordinary meaning. *See State of Texas v. Public Util. Comm'n,* 883 S.W.2d 190, 200 (Tex.1994). Applying this rule, I would hold that the trial court's finding that relator has "avoided the execution of the capias," is *not* the same as "attempted to evade service of process" as that phrase is used in section 157.101. "Service of process" generally "signifies the delivering to or leaving [of writs complaints, summons, etc.], with the party to whom or with whom they ought to be delivered or left." *See* BLACK'S LAW DICTIONARY 1368 (6 th Ed.1990). Neither the Code of Criminal Procedure nor case law requires "service" of an arrest warrant. *See e.g.,* TEX.CODE CRIM. PROC. ANN. Art. 15.16 (Vernon 1977). In fact, the officer executing an arrest warrant need not have the warrant

---

1. We are unaware of any authority holding that an order setting bond in a civil case is appealable. *But cf. Clark v. Barr,* 827 S.W.2d 556, 557 (Tex.App.—Houston [1 st Dist.] 1992, orig. proceeding) (holding that an order denying a motion to reduce bond in criminal case is subject to direct appeal under former TEX.R.APP. P. 44(a)).

in his possession at the time of the arrest but simply must inform the defendant of the offense charged and of the fact that a warrant was issued.. *See id.* at Art. 15.26. Upon request, however, the officer must show the defendant the warrant as soon as possible. *Id.* Although avoiding execution of a capias is arguably worse than avoiding service of process, the statute simply does not make the former a consideration in setting bond. Because avoiding arrest is not listed in section 157.101(b) as rebuttal evidence, the trial court's finding that relator "avoided the execution of the capias," does not rebut the presumption in the statute that a $1,000 bond is reasonable.

Likewise, the trial court's finding that relator was in arrears in the payment of court-ordered interim attorney's fees in excess of $1,000 does not satisfy section 157.101(b). An "arrearage" is "money which is overdue and unpaid." *Black's Law Dictionary* 109 (6 th ed.1990). Although section 157.101 does not specify the type of "arrearage," chapter 157 of the Family Code deals primarily with enforcement of child support and repeatedly refers to "arrearages" in that context. *See generally,* TEX. FAM.CODE ANN. §§ 157.001–157.426 (Vernon 1996 & Supp.1998). Although case law suggests that attorney's fees incurred in the enforcement of child support are also "arrearages" because they are "incident to and a part of the child support obligation," *see Ex parte Binse,* 932 S.W.2d 619, 621 (Tex.App.—Houston [14 th Dist] 1996, orig. proceeding), the underlying case involves custody, not child support. Discussion at the hearing on the motion to reduce the bond indicates the amount of the bond was based on Linda's outstanding attorney's fees in the enforcement of custody under the divorce decree. Attorney's fees incurred in connection with the enforcement of child custody orders by motion or writ of habeas corpus are recoverable as costs. *See* TEX. FAM.CODE ANN. §§ 106.001, 106.002 (Vernon 1996 & Supp.1998). Such attorney' s fees are plainly not "arrearages" within the ordinary meaning of that term under section 157.101(b). *See e.g., Roosth v. Daggett,* 869 S.W.2d 634, 636–37 (Tex.App.—Houston [14 th Dist] 1994, no writ) (holding that attorney's fees specifically designated as costs in prior divorce proceeding are a debt and are not enforceable through contempt as child support). Thus, the trial court's finding in the underlying custody case that relator was in arrears in the payment of attorney's fees is not the same as a finding that relator accrued child support arrearages over $1,000 as required by section 157.101(b) and therefore, does not rebut the presumption in that statute.

Accordingly, I would hold that the trial court clearly abused its discretion in setting bond under section 157.101 of the Family Code. I would therefore conditionally grant a writ of mandamus directing the trial court to vacate its orders of August 28, 1996 and May 5, 1997, setting bond and denying the motion to reduce bond, respectively.