**In re Teddy Charles CLARK, Relator.**

**No. 14–98–00522–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 18, 1998.

---

Patrick Reilly, Galveston, for relator.

Johnette S., Duff, League City, Carl Halla, Jr., Houston, for respondents.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

ANDERSON, Justice.

In this mandamus proceeding, relator, Teddy Charles Clark, contends the trial court clearly abused its discretion by failing to comply with TEX.FAM.CODE ANN. § 157.101 (Vernon 1996) in setting a bond to secure relator's appearance in court. We agree and without hearing oral argument, conditionally grant the writ of mandamus. *See* TEX. R.APP.P. 52.8(c).

## BACKGROUND

Relator and the real party in interest, Linda Lou Clark ("Linda"), were divorced in February 1996. By agreement, relator was awarded primary custody of the parties' older child and Linda was awarded primary custody of their two younger children. In the summer of 1996, the younger children visited relator in Oklahoma. At the end of the summer visitation, relator did not return the children to Linda as required by the divorce decree. As a result, Linda filed a motion for enforcement by contempt, petition for writ of habeas corpus, and motion for modification of custody in the 306th District Court of Galveston. On August 13, 1996, the trial court signed orders directing relator to appear and produce the children in court on August 26, 1996. Despite being personally served with the writ and order to appear, relator failed to appear or produce the children as ordered. By order dated August 28, 1996, the trial court issued an alias capias for relator's arrest and set a cash bond in the amount of $25,000, but limited to a total of $50,000, per child to secure relator's appearance.

In September 1996, relator returned the children after being advised by the Galveston County district attorney that Linda had filed a criminal complaint. Relator subsequently filed a motion to reduce bond. After a hearing, the trial court denied the motion on May 5, 1997. In September 1997, the trial court set the modification for trial on February 2, 1998. The case, however, was continued. On December 5, 1997, relator filed a petition for writ of habeas corpus in this Court. On April 9, 1998, after hearing argument, we denied relator's petition on procedural grounds. *See In re Teddy Charles Clark*, No. 14–97–01356–CV, —— S.W.2d ——, 1998 WL 161834 (Tex.App.—Houston [14th Dist.] April 9, 1998, orig. proceeding). On May 6, 1998, relator filed this petition for writ of

mandamus.[1] Linda filed a response to the petition and motion to dismiss for lack of verification. After relator filed an amended petition containing the necessary verification, we overruled Linda's motion to dismiss.

## ANALYSIS

 Mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, either in resolving factual issues or in determining legal principles. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A mere error in judgment is not an abuse of discretion. *See id.* at 918. When attacking a ruling by the trial court as an abuse of discretion, the relator must show, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. *See id.* at 917. As to the determination of controlling legal principles, a clear abuse of discretion occurs if the trial court clearly fails to analyze *or* apply the law correctly. *Walker*, 827 S.W.2d at 840.

 Relator contends the trial court abused its discretion in failing to correctly apply section 157.101 of the Family Code when it set bond. Such a complaint is appropriate for mandamus. Further, relator is without an adequate remedy by appeal. *See Johnson*, 700 S.W.2d at 917. We are unaware of any authority holding that orders setting, or refusing to reduce bond in a civil case are subject to direct appeal. *But cf Clark v. Barr*, 827 S.W.2d 556, 557 (Tex.

App.—Houston [1st Dist.] 1992, orig. proceeding) (holding that an order denying a motion to reduce bond in a criminal case is subject to direct appeal under former Tex. R.App.P. 44(a)). Without an interlocutory appeal, relator will be denied prompt review of the reasonableness of the bond. Exposed to the expense of posting a $50,000 bond, relator may be deprived first of the ability to participate in the proceeding below, which involves proposed changes in custody rights to relator's children. Without participation in that proceeding, relator would then be deprived of any meaningful review of a final order. Thus, any appeal from an order setting a bond in violation of section 157.101 would be inadequate. *Cf. Braden v. Downey*, 811 S.W.2d 922, 929 (Tex.1991).[2] Accordingly, we conclude that review of the trial court's orders by mandamus is appropriate.

Section 157.101 of the Family Code provides as follows:

(a) When the court orders the issuance of a capias as provided in this chapter, the court shall set an appearance bond or security, payable to the obligee or to a person designated by the court, in a reasonable amount.

(b) An appearance bond or security in the amount of $1,000 or a cash bond in the amount of $250 is presumed to be reasonable. Evidence that the respondent has attempted to evade service of process, has previously been found guilty of contempt, or has accrued arrearages over $1,000 is sufficient to rebut the presumption. If the presumption is rebutted, the court shall set a reasonable bond.

1. In his petition, relator seeks relief from the trial court's orders dated August 28, 1996 and May 5, 1997.

2. In *Braden*, the trial court imposed a $10,000 discovery sanction on relator, who ultimately sought mandamus relief in the Supreme Court. 811 S.W.2d at 924. The court held that ordering payment of such a large sanction before rendition of an appealable judgment denied relator of an adequate remedy by appeal. 811 S.W.2d at 929–30. The court stated that the assessment of such a large penalty, before the party has any opportunity to supersede the judgment and perfect an appeal, significalty impairs the party's

willingness or ability to continue litigation. *Id;* *see also Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 882–83 n. 23 (5th Cir.1988) (holding that the imposition of sanctions must not result in total or even significant, preclusion of access to the courts and that the imposition of sanctions made payable before the entry of a final appealable order may cause a litigant to suffer a substantial restriction on his access to the courts). We believe the $50,000 bond, payable prior to rendition of a final judgment, will significantly impair relator's ability to continue litigation.

Under the statute, when the court issues a capias, it must set a reasonable bond. A $1,000 appearance bond or $250 cash bond is presumed reasonable. That presumption may be rebutted, however, upon the presentation of certain evidence enumerated in the statute. If the presumption is rebutted, the court shall set bond it deems reasonable. Linda contends the trial court properly considered factors other than those enumerated in the statute when it set bond. *See, e.g., Ex parte Brown,* 959 S.W.2d 369 372 (Tex.App.—Fort Worth 1998, no pet.) (listing the factors the trial court can consider when setting pre-trial bail in a criminal case). Because relator has failed to show the bond was excessive based on these other factors, Linda claims relator is not entitled to relief. We disagree.

If the Legislature had not intended the factors listed in section 157.101(b) to be exclusive it could have so stated in the statute. Nothing in section 157.101(b) suggests the court can consider factors other than those enumerated in the statute for setting bond. The express mention or enumeration of one thing, consequence or class is equal to the express exclusion of all others. *See Putthoff v. Ancrum,* 934 S.W.2d 164, 174 (Tex.App.—Ft. Worth 1996, writ denied) (holding that discovery rule does not apply to notice requirements under Texas Tort Claims Act because those requirements are exclusive). Accordingly, we conclude that the factors listed in section 157.101(b) are exclusive. In an attempt to comply with section 157.101(b) of this statute, the trial court found in its May 5, 1997, order denying the motion to reduce bond that relator: (1) was in arrears in the payment of Court ordered interim attorney's fees in an amount in excess of $1,000, and (2) had avoided execution of the capias issued by the court. These findings do not, however, satisfy the evidentiary bases in section 157.101(b) for rebutting the presumption that a $1,000 bond is reasonable.[3]

This conclusion is based on the clear meaning of the terms "service of process" and "arrearages." Where, as here, the legislature has not defined the terms in the statute, this Court must apply their ordinary meaning. *See State of Texas v. Public Util. Comm'n,* 883 S.W.2d 190, 200 (Tex.1994). Applying this rule, we hold that the trial court's finding that relator has "avoided the execution of the capias," is *not* the same as "attempted to evade service of process" as that phrase is used in section 157.101(b). "Service of process" generally "signifies the delivering to or leaving [of writs complaints, summons, etc.], with the party to whom or with whom they ought to be delivered or left." *See* Black's Law Dictionary 1368 (6th Ed.1990). Neither the Code of Criminal Procedure nor case law requires "service" of an arrest warrant. *See* Tex.Code Crim.Proc. Ann. Art. 15.16 (Vernon 1977). In fact, the officer executing an arrest warrant need not have the warrant in his possession at the time of the arrest but simply must inform the defendant of the offense charged and of the fact that a warrant was issued. *See id.* Upon request, however, the officer must show the defendant the warrant as soon as possible. *Id.* Although avoiding execution of a capias is arguably worse than avoiding service of process, the statute simply does not make the former a consideration in setting bond. Because avoiding arrest is not listed in section 157.101(b) as rebuttal evidence, the trial court's finding that relator "avoided the execution of the capias," does not rebut the presumption in the statute that a $1,000 bond is reasonable.

Likewise, the trial court's finding that relator was in arrears 'in the payment of court-ordered interim attorney's fees in excess of $1,000 does not satisfy section 157.101(b). An "arrearage" is "money which is overdue and unpaid." *Black's Law Dictionary* 109 (6th ed.1990). Although section 157.101(b) does not specify the type of "ar-

---

3. We note that the trial court found in its August 28th order that relator "willfully and intentially" disregarded its prior order. Such an act may constitute contempt. *See Ex parte Chambers,* 898 S.W.2d 257, 259 (Tex.1995). Without a waiver of the right to be present, an absent party may not be found in contempt for violating a court order. *See Ex Parte Alloju,* 907 S.W.2d 486, 487 (Tex.1995). Here, because relator was not present when the trial court found he disregarded its prior order, the court not find relator in contempt for purposes of section 157.101(b). *See id.*

rearage," chapter 157 of the Family Code deals primarily with enforcement of child support and repeatedly refers to "arrearages" in that context. *See generally* Tex.Fam. Code Ann . §§ 157.001–157.426 (Vernon 1996 & Supp.1998). Although case law suggests that attorney's fees incurred in the enforcement of child support are also "arrearages" because they are "incident to and a part of the child support obligation," *see Ex parte Binse*, 932 S.W.2d 619, 621 (Tex.App.—Houston [14th Dist] 1996, orig. proceeding), the underlying case involves custody, not child support. Discussion at the hearing on the motion to reduce the bond indicates the amount of the bond was based in part on Linda's outstanding attorney's fees in the enforcement of custody under the divorce decree. Attorney's fees incurred in connection with the enforcement of child custody orders by motion or writ of habeas corpus are recoverable as costs. *See* Tex.Fam.Code Ann. §§ 106.001, 106.002 (Vernon 1996 & Supp.1998). Such attorney's fees are plainly not "arrearages" within the ordinary meaning of that term under section 157.101(b). *See e.g., Roosth v. Daggett,* 869 S.W.2d 634, 636–37 (Tex.App.—Houston [14th Dist] 1994, no writ) (holding that attorney's fees specifically designated as costs in prior divorce proceeding are a debt and are not enforceable through contempt as child support). Thus, the trial court's finding in the underlying custody case that relator was in arrears in the payment of attorney's fees is not the same as a finding that relator accrued child support arrearages over $1,000 as required by section 157.101(b) and therefore, does not rebut the presumption in that statute.

Accordingly, we hold that the trial court clearly abused its discretion in setting bond greater than the amount presumed to be reasonable under section 157.101(b) of the Family Code, and conditionally grant the writ of mandamus. We are confident the trial court will vacate its orders of August 28, 1996 and May 5, 1997, setting bond and denying the motion to reduce bond, respectively. Writ will issue only if the trial court fails to take such action.