OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 22, 2001

The Honorable Toby Goodman
Chair, Committee on Juvenile Justice
    and Family Issues
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0346

Re: Whether a statute that permits a court to order income withholding to collect certain attorney's fees and costs associated with establishing or enforcing a child-support obligation violates article XVI, section 28 of the Texas Constitution (RQ-0291-JC)

Dear Representative Goodman:

Although article XVI, section 28 of the Texas Constitution generally forbids garnishing wages, it permits garnishment to enforce court-ordered child-support payments. *See* TEX. CONST. art. XVI, § 28(1). Statutes contemplate that an order for income withholding, a type of garnishment, may include "ordered fees and costs." *See, e.g.,* TEX. FAM. CODE ANN. §§ 158.102, .103(3) (Vernon Supp. 2001); *see also* HOUSE STUDY GROUP, SPECIAL LEGISLATIVE REPORT, *Child Support: Issues Facing the State* 13 (Apr. 4, 1983) (explaining that, although income withholding and garnishment are "technically" distinguishable, article XVI, section 28 of Texas Constitution encompasses both); HOUSE STUDY GROUP, BILL ANALYSIS, Tex. H.J. Res. 1, 68th Leg., R.S., at 4 (1983) (same). You question whether certain ordered attorney's fees and costs are "for the enforcement of court-ordered . . . child support payments" and therefore may be subject to an order for income withholding under article XVI, section 28 of the constitution.[1]

We conclude that a statute constitutionally may not permit a court to order income withholding to pay attorney's fees and costs associated with establishing a child-support obligation. Attorney's fees and costs incurred to establish a child-support obligation, *see* Request Letter, note 1, at 3, are not associated with enforcing an existing obligation. *See* TEX. CONST. art. XVI, § 28. On the other hand, based upon relevant case law, we conclude that a statute that permits a court to include attorney's fees incurred to enforce an existing child-support obligation in an order for income withholding comports with article XVI, section 28. *See Tamez v. Tamez,* 822 S.W.2d 688, 691 (Tex. App.–Corpus Christi 1991, writ denied). Likewise, a statute may, consistently with article XVI, section 28, permit a court to include certain costs, such as "fees charged for the services of

---

[1] *See* Letter from Honorable Toby Goodman, Chair, Committee on Juvenile Justice and Family Issues, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Oct. 2, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

Domestic Relations Offices and court registries," *see* Request Letter, *supra* note 1, at 3, in an income-withholding order if the court determines that the costs were necessarily incurred to enforce an existing child-support obligation. *See Tamez*, 822 S.W.2d at 691.

You ask three questions:

(1) May attorney's fees and costs arising from the *establishment* of a child support obligation be collected through income withholding, as such withholding is authorized under Article XVI, section 28, Texas Constitution?

(2) May ordered attorney fees and costs relating to the *enforcement* of a child support obligation be enforced "by any means available for the enforcement of child support," including income withholding, in accordance with Article XVI, section 28, Texas Constitution?

(3) May the constitutionally authorized garnishment of current wages for personal services for the enforcement of court-ordered child support payments be extended to include fees charged for the services of Domestic Relations Offices and court registries in the processing of child support cases?

Request Letter, *supra* note 1, at 3.

Article XVI, section 28 of the Texas Constitution generally prohibits garnishing wages:

No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered:

(1) child support payments; or

(2) spousal maintenance.

Tex. Const. art. XVI, § 28.[2]

---

[2]Senate Joint Resolution No. 9 proposes to rewrite article XVI, section 28 as follows:

No current wages for personal service shall ever be subject to garnishment, except for the enforcement of:

(1) court-ordered child support payments or spousal maintenance; or

(2) a judgment entered by a court.

(continued...)

Portions of chapters 157 and 158 of the Family Code authorize a court to enforce an existing child-support obligation with an income-withholding order. "If [a] court finds that [a] respondent has failed to make child support payments" and has thereby accumulated a child-support arrearage, the court "shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." TEX. FAM. CODE ANN. § 157.167(a) (Vernon Supp. 2001). *But see id.* § 157.167(b) (allowing court to waive requirement for good cause). The court may enforce payment of these fees and costs "by any means available" to enforce the payment of child support, including income withholding under chapter 158. *Id.* § 157.167(c); *see also id.* § 157.264 (Vernon 1996) ("A money judgment rendered as provided in this subchapter may be enforced by any means available . . . by an order requiring that income be withheld from the [obligor's] disposable earnings . . . .").

Chapter 158 provides specifically for withholding from earnings to pay child support. In an action for past-due child-support payments, a court must order that income be withheld from the obligor's disposable earnings to liquidate the child-support arrearage. *Id.* § 158.003(a) (Vernon Supp. 2001). Under section 158.102, a court may issue an "order or writ for income withholding . . . until all current support and child support arrearages, interest, and any applicable fees and costs, *including ordered attorney's fees and court costs,* have been paid." *Id.* § 158.102 (emphasis added). Section 158.103 requires a court to include in its order or writ of withholding "the information that is necessary for an employer or other entity to comply with the existing child support order, including . . . the amount of arrearages, accrued interest, *and ordered fees and costs.*" *Id.* § 158.103(3) (emphasis added).

You suggest that, to the extent that these sections of chapters 157 and 158 of the Family Code permit a court to order income withholding to pay attorney's fees and court costs related to establishing a child-support obligation or to enforcing an existing child-support obligation, they run afoul of article XVI, section 28. *See* Request Letter, *supra* note 1, at 1-3. You summarize current court practices:

> Some Texas courts order that attorney's fees and costs incurred in the enforcement of child support be collected through income withholding, along with the requisite payment on the obligation (i.e., current support and any arrears and interest on the arrears). Other courts, however, apparently order attorney's fees and costs incurred in the *establishment* of a child support obligation to be collected through income withholding. Furthermore, some courts in Texas are now including payment of county Domestic Relations Office fees and court registry fees as part of the "ordered fees and costs" specified in an order or writ of withholding for child support. Although that may appear permissible within the statutory language

---

[2](...continued)
Tex. S.J. Res. 9, 77th Leg., R.S. (2001).

of Section 158.103(3), do such fees [and costs] conform to the intention of the constitutional authorization . . . ?

*Id.* at 2. We base our analysis on this information.

This opinion addresses only whether a statute that permits a court to include various attorney's fees and costs in an income-withholding order comports with article XVI, section 28 of the Texas Constitution. It does not consider the validity of any court order. Because you describe what you indicate are current court practices, your inquiries may be read to ask this office to determine the validity of income-withholding orders themselves. The Attorney General will not issue an opinion that reviews a specific judicial order. *See* Tex. Att'y Gen. LO-93-74, at 3 (stating that Attorney General will not issue opinion "that is in effect an appeal of a judicial [order]" or that construes court order); *see also* Tex. Att'y Gen. Op. No. JC-0094 (1999) at 1, 4 (presuming, to avoid construing court order, that no relevant court order is in effect). Moreover, this office's opinion does not bind a court. *See* Tex. Att'y Gen. Op. No. JC-0094 (1999) at 4.

The answers to all of your questions depend upon the meaning of the phrase "enforcement of court-ordered child support payments" in article XVI, section 28 of the constitution. On its face, article XVI, section 28 permits garnishment for the "enforcement of court-ordered child support payments." *See* TEX. CONST. art. XVI, § 28. Article XVI, section 28 does not define the phrase. *See id.* Words used in the constitution are to be interpreted consistently with their common meanings. *See Leander Indep. Sch. Dist. v. Cedar Park Water Supply Corp.*, 479 S.W.2d 908, 912 (Tex. 1972) (stating that words used in constitution "are to be interpreted as the people generally understood them"); *see also State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 493 (Tex. 1996) (citing *Leander Indep. Sch. Dist.*).

Courts have construed the phrase "child support payments" to encompass attorney's fees and court costs that "are incidental to and a part of" enforcing a child-support obligation. *Ex parte Binse*, 932 S.W.2d 619, 621 (Tex. App.–Houston [14th Dist.] 1996, no writ); *Ex parte Wagner*, 905 S.W.2d 799, 803 (Tex. App.–Houston [14th Dist.] 1995, no writ) (and cases cited therein); *Roosth v. Daggett*, 869 S.W.2d 634, 636 (Tex. App.–Houston [14th Dist.] 1994, no writ). Attorney's fees and costs incurred to collect a child-support arrearage are essential to enforce the obligation. *See Tamez*, 822 S.W.2d at 691; *Ex parte Wagner*, 905 S.W.2d at 803; *see also In re Clark*, 977 S.W.2d 152, 157 (Tex. App.–Houston [14th Dist.] 1998, no writ) (stating that "case law suggests that attorney's fees incurred in the enforcement of child support are also 'arrearages' because they are 'incident to and a part of the child support obligation'"); *In re Striegler*, 915 S.W.2d 629, 642-43 (Tex. App.–Amarillo 1996, writ denied) (discussing *Tamez* and citing *Ex parte Helms*, 259 S.W.2d 184, 188 (Tex. 1953); *Ex parte Wagner*, 905 S.W.2d at 803). We turn now to your questions.

We conclude, to answer your first question, that to the extent a statute permits a court to include in an order for income withholding attorney's fees and costs associated with establishing a child-support obligation, the statute runs afoul of article XVI, section 28 of the constitution. Article XVI, section 28 excepts from the general prohibition on garnishment the "enforcement" of a child-

support obligation. Establishing a child-support obligation is not a component of enforcing an existing order. Thus, only attorney's fees and costs necessarily incurred to enforce an existing child-support obligation may be collected through income withholding, not those incurred to create a new obligation. Attorney's fees and costs that are not incurred to enforce an existing child-support obligation are not within the exception and may not be included in an income-withholding order. *See Roosth*, 869 S.W.2d at 637 (determining that fees that "arise from a joint divorce proceeding and suit affecting the parent-child relationship" were not incurred to enforce child-support obligation); *In re Clark*, 977 S.W.2d at 157 (stating that attorney's fees incurred in enforcing custody obligation were not incurred in child-support enforcement action). Sections 158.102 and 158.103 of the Family Code must be construed to permit withholding income to pay only those attorney's fees and costs necessary to collect a child-support arrearage.

To answer your second question, we conclude that, consistently with article XVI, section 28 of the constitution, a statute may permit including attorney's fees necessarily incurred to enforce an existing child-support obligation in an income-withholding order. The court determines, in any particular enforcement action, whether and what portion of attorney's fees were necessarily incurred in connection with the action.

To answer your final question, we conclude that, consistently with article XVI, section 28 of the constitution, a statute may permit including in an order for income withholding costs "for the services of Domestic Relations Offices and court registries" if the court determines that the costs are necessary incidents of the enforcement action.

## S U M M A R Y

        A statute constitutionally may not permit a court to order income withholding to pay attorney's fees and costs associated with *establishing* a child-support obligation. *See* TEX. CONST. art. XVI, § 28. On the other hand, under case law construing article XVI, section 28 of the Texas Constitution, a statute that permits a court to include in an order for income withholding attorney's fees incurred to *enforce* an existing child-support obligation comports with article XVI, section 28 of the constitution. *See Tamez v. Tamez*, 822 S.W.2d 688, 691 (Tex. App.–Corpus Christi 1991, writ denied). Likewise, a statute may, consistently with article XVI, section 28, permit a court to include certain costs, such as fees charged for the services of domestic relations offices and court registries, in an income-withholding order if the court determines that the costs were necessarily incurred to *enforce* an existing child-support obligation.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee