TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00095-CV







In re Stephen G. Finley








ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N




 Relator Stephen G. Finley requests that this Court issue a writ of mandamus ordering
the trial court to modify its order in his suit affecting the parent-child relationship. He requests relief
from the court's order that deems the attorney's fees award against him as child support, with the
effect that those fees can be enforced by garnishment and contempt. We will decline to issue the writ
because we conclude that Finley has failed to show the lack of an adequate remedy at law.

 Finley and Beverly May, the real party in interest, had two daughters during their
marriage. In the original divorce decree, signed in 1998 by a Lubbock district court, the court named
May the managing conservator of the children and named Finley the possessory conservator. The
court imposed the standard possession order and ordered Finley to pay $488 monthly in child
support.


 Finley filed a motion to modify the custody decree in October 1999, seeking to be
named managing conservator. May filed a cross-petition, seeking to increase the amount of child
support and seeking attorney's fees. The case was transferred to Travis County where May and their
daughters reside.

 After a hearing, the district court denied Finley's requested relief and granted May's
requested relief. The court increased Finley's monthly child support obligation to $585 and awarded
$47,250 in attorney's fees and costs to May against Finley; the court ordered Finley to pay $500 per
month on the attorney's fees judgment. The court ordered that the attorney's fees judgment be in
the nature of unpaid and accrued child support and be enforceable as such by all means including
garnishment and contempt. The court suspended enforcement of the judgment as long as the $500
monthly payments were made. No appeal of this judgment is yet pending in this Court.

 Finley seeks mandamus relief, arguing that the court's assessment of attorney's fees
as child support is improper. See Tex. Const. art. XVI, § 28; Tex. Fam. Code Ann. §§ 106.002(b),
157.167(c) (West 2002); Roosth v. Daggett, 869 S.W.2d 634, 636-37 (Tex. App.--Houston [14th
Dist.] 1994, orig. proceeding). To be entitled to a writ of mandamus, a petitioner must show that the
trial court clearly abused its discretion and that there is no adequate remedy by appeal. Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).

 Without addressing whether the district court abused its discretion, we conclude that
Finley is not entitled to mandamus relief because he has remedies at law. He can challenge the
merits of the order by appeal, and can request that the district court or this Court suspend
enforcement of that order while the appeal is pending. See Tex. Fam. Code Ann. § 109.002(c) (West
2002). Finley has not shown that these remedies are inadequate to protect him from any improper
garnishment or finding of contempt resulting from the district court order.

 We deny Finley's petition for writ of mandamus. We do not, however, find the
petition frivolous. We overrule May's request for attorney's fees incurred in responding to Finley's
petition.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: March 20, 2003