# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00643-CV

**Harry E. Bundy, Jr., Appellant**

**v.**

**State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 126,398-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Harry E. Bundy, Jr., appeals from an order rendered in a child support enforcement proceeding. Because the record does not contain a timely notice of appeal, we will dismiss the appeal for want of jurisdiction. *See* Tex. R. Civ. P. 42.3(a).

On July 12, 1997, the district court ("the court") signed its "Order Enforcing Child Support Obligation (UIFSA)."[1] The 1997 order found appellant in contempt of the court's December 15, 1989 order setting child support payments, calculated the arrearage, rendered judgment for the attorney general for that amount, and placed appellant on community supervision. On January 16, 2002, the court signed its "Order Revoking Community Supervision and Concerning License

---

[1]  "UIFSA" refers to the Uniform Interstate Family Support Act. Tex. Fam. Code Ann. §§ 159.001-159.902 (West 2002). The 1997 order enforcing the child support obligation is part of the record as an exhibit to the attorney general's motion to revoke community supervision.

Suspension (UIFSA)," finding that appellant violated the terms of his community supervision in failing to pay his child support, calculated the arrearage, rendered judgment for the attorney general for that arrearage, suspended appellant's driver's license, stayed that suspension, and ordered appellant to appear on April 11, 2002, to begin his commitment to the county jail.

The record reflects that appellant appeared on April 11, 2002. The court master ("the master") rendered a "recess of commitment" order because appellant had made payments toward reducing the arrearage. The record then reflects more appearances, motions for continuances, and the master's setting of an appearance bond after appellant failed to appear for a scheduled hearing. On September 19, 2002, the court held a hearing on appellant's appeal from the master's denial of a motion for continuance and setting of bond. On September 23, 2002, appellant filed a notice of appeal with this Court. On October 19, 2002, the court signed the order resulting from the September 19 hearing. On October 24, 2002, the master signed another "recess of commitment," again based on appellant's payments toward the arrearage.

In his brief, appellant challenges only the amount of the arrearage assessed in the January 2002 order. In its brief, the State argues that this Court lacks jurisdiction because no timely notice of appeal was filed from this order.[2]

The January 2002 judgment ordered payment of an amount of child support arrearage based on appellant's failure to pay the child support arrearage as set in a previous order. In a contempt proceeding or in rendering a money judgment, the court may not reduce or modify the amount of child support arrearages. Tex. Fam. Code Ann. § 157.262(a) (West 2002) (with certain

[2] No motion to dismiss was filed.

2

exceptions not applicable here); *see In re Vogel*, 885 S.W.2d 648, 651 (Tex. App.—Amarillo 1994, writ denied) (when child support established in divorce decree and no appeal taken, child support fixed until modified upon application, and trial court only authorized to confirm amount of arrearage and reduce to judgment.) That the trial court retains jurisdiction to enforce an order providing for the payment of child support arrearages, Tex. Fam. Code Ann. § 159.269 (West 2002), does not confer on it the power to alter the amount. *See In re Dryden*, 52 S.W.2d 257, 265 (Tex. App.—Corpus Christi 2001, orig. proceeding); *Moore v. Brown*, 993 S.W.2d 871, 873-74 (Tex. App.—Fort Worth 1999, pet. denied).

Appellant seeks to alter the arrearage amount in the January 2002 order based on his claim that he did not receive proper credit for certain payments.[3] Appellant, however, did not present the evidence concerning the calculation of the arrearage to the court before rendition of the January 2002 judgment, nor did he move for a new trial in order to present that evidence to the trial court during its plenary power. No notice of appeal appears in the record until well after the longest possible time allowed to perfect an ordinary appeal. *See* Tex. R. App. P. 26.1(a) (ninety days under certain circumstances). No notice of appeal in the record actually refers to the January 2002 judgment. *See* Tex. R. App. P. 25.1(d) (contents of notice of appeal).

Further, the order from which appellant timely perfected appeal[4] is not an appealable order. The October 2002 order resulted from an appeal to the court of the master's decision denying

---

[3] It appears that appellant is only challenging the computation of the amount, but as appellant proceeds *pro se*, it is not entirely clear.

[4] The notice of appeal was timely as a prematurely filed notice of appeal. *See* Tex. R. App. P. 27.1.

a continuance and setting an appearance bond; the district court affirmed the master.  These are interlocutory matters that do not comprise an appealable order.  *See In re Clark*, 977 S.W.2d 152, 155 (Tex. App.—Houston [14th Dist.], orig. proceeding) (mandamus appropriate to review reasonableness of appearance bond because no adequate remedy by appeal).

Finally, as noted in the State's brief, appellant complains about not receiving credit for payments allegedly made from January 1980 to December 1996.  The amount of the arrearage that accumulated during this period was adjudicated in the 1997 judgment that was not appealed.  Accordingly, it appears that appellant could not have relitigated that amount even if he had timely appealed from the January 2002 judgment.  *See In re Nichols*, 51 S.W.3d 303, 306-07 (Tex. App.—San Antonio 2000, no pet.).

The record does not reflect a timely notice of appeal from any appealable order.  We dismiss the appeal for want of jurisdiction.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed:   July 24, 2003