TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00643-CV






Harry E. Bundy, Jr., Appellant


 

v.



State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 126,398-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 Harry E. Bundy, Jr., appeals from an order rendered in a child support enforcement
proceeding. Because the record does not contain a timely notice of appeal, we will dismiss the
appeal for want of jurisdiction. See Tex. R. Civ. P. 42.3(a). 

 On July 12, 1997, the district court ("the court") signed its "Order Enforcing Child
Support Obligation (UIFSA)." (1) The 1997 order found appellant in contempt of the court's December
15, 1989 order setting child support payments, calculated the arrearage, rendered judgment for the
attorney general for that amount, and placed appellant on community supervision. On January 16,
2002, the court signed its "Order Revoking Community Supervision and Concerning License
Suspension (UIFSA)," finding that appellant violated the terms of his community supervision in
failing to pay his child support, calculated the arrearage, rendered judgment for the attorney general
for that arrearage, suspended appellant's driver's license, stayed that suspension, and ordered
appellant to appear on April 11, 2002, to begin his commitment to the county jail.

 The record reflects that appellant appeared on April 11, 2002. The court master ("the
master") rendered a "recess of commitment" order because appellant had made payments toward
reducing the arrearage. The record then reflects more appearances, motions for continuances, and
the master's setting of an appearance bond after appellant failed to appear for a scheduled hearing. 
On September 19, 2002, the court held a hearing on appellant's appeal from the master's denial of
a motion for continuance and setting of bond. On September 23, 2002, appellant filed a notice of
appeal with this Court. On October 19, 2002, the court signed the order resulting from the
September 19 hearing. On October 24, 2002, the master signed another "recess of commitment,"
again based on appellant's payments toward the arrearage.

 In his brief, appellant challenges only the amount of the arrearage assessed in the
January 2002 order. In its brief, the State argues that this Court lacks jurisdiction because no timely
notice of appeal was filed from this order. (2)

 The January 2002 judgment ordered payment of an amount of child support arrearage
based on appellant's failure to pay the child support arrearage as set in a previous order. In a
contempt proceeding or in rendering a money judgment, the court may not reduce or modify the
amount of child support arrearages. Tex. Fam. Code Ann. § 157.262(a) (West 2002) (with certain
exceptions not applicable here); see In re Vogel, 885 S.W.2d 648, 651 (Tex. App.--Amarillo 1994,
writ denied) (when child support established in divorce decree and no appeal taken, child support
fixed until modified upon application, and trial court only authorized to confirm amount of arrearage
and reduce to judgment.) That the trial court retains jurisdiction to enforce an order providing for
the payment of child support arrearages, Tex. Fam. Code Ann. § 159.269 (West 2002), does not
confer on it the power to alter the amount. See In re Dryden, 52 S.W.2d 257, 265 (Tex.
App.--Corpus Christi 2001, orig. proceeding); Moore v. Brown, 993 S.W.2d 871, 873-74 (Tex.
App.--Fort Worth 1999, pet. denied).

 Appellant seeks to alter the arrearage amount in the January 2002 order based on his
claim that he did not receive proper credit for certain payments. (3) Appellant, however, did not present
the evidence concerning the calculation of the arrearage to the court before rendition of the January
2002 judgment, nor did he move for a new trial in order to present that evidence to the trial court
during its plenary power. No notice of appeal appears in the record until well after the longest
possible time allowed to perfect an ordinary appeal. See Tex. R. App. P. 26.1(a) (ninety days under
certain circumstances). No notice of appeal in the record actually refers to the January 2002
judgment. See Tex. R. App. P. 25.1(d) (contents of notice of appeal).

 Further, the order from which appellant timely perfected appeal (4) is not an appealable
order. The October 2002 order resulted from an appeal to the court of the master's decision denying
a continuance and setting an appearance bond; the district court affirmed the master. These are
interlocutory matters that do not comprise an appealable order. See In re Clark, 977 S.W.2d 152,
155 (Tex. App.--Houston [14th Dist.], orig. proceeding) (mandamus appropriate to review
reasonableness of appearance bond because no adequate remedy by appeal).

 Finally, as noted in the State's brief, appellant complains about not receiving credit
for payments allegedly made from January 1980 to December 1996. The amount of the arrearage
that accumulated during this period was adjudicated in the 1997 judgment that was not appealed. 
Accordingly, it appears that appellant could not have relitigated that amount even if he had timely
appealed from the January 2002 judgment. See In re Nichols, 51 S.W.3d 303, 306-07 (Tex.
App.--San Antonio 2000, no pet.).

 The record does not reflect a timely notice of appeal from any appealable order. We
dismiss the appeal for want of jurisdiction.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: July 24, 2003

1. "UIFSA" refers to the Uniform Interstate Family Support Act. Tex. Fam. Code
Ann. §§ 159.001-159.902 (West 2002). The 1997 order enforcing the child support obligation is
part of the record as an exhibit to the attorney general's motion to revoke community supervision.
2. No motion to dismiss was filed.
3. It appears that appellant is only challenging the computation of the amount, but as
appellant proceeds pro se, it is not entirely clear.
4. The notice of appeal was timely as a prematurely filed notice of appeal. See Tex. R. App.
P. 27.1.