Order filed May 3, 2007









Order filed May 3, 2007.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00716-CV

____________

 

CLEARVIEW PROPERTIES, L.P.; MICHAEL STARCHER, Trustee
for the CROWN HILL TRUST; CRAIG WALKER d/b/a CLEARVIEW PROPERTIES, L.P., and
CLEARVIEW INVESTMENTS LTD., Appellants

 

V.

 

PROPERTY TEXAS SC ONE CORPORATION; CLARION PARTNERS
LLC; GRANITE PARTNERS, LLC, d/b/a GRANITE PARTNERS I, LLC; TRIPLE NET
PROPERTIES, LLC, T REIT, L.P., and T REIT, INC., Appellees

 



 

On
Appeal from the 270th District Court

Harris
County, Texas

Trial
Court Cause No. 2003-22196

 



 

O R D E R

This is an appeal from a judgment signed
May 17, 2006.  On March 15, 2007,
appellants filed a motion to review the trial court=s supersedeas
order.  








In the final judgment, the trial court
ordered that appellants take nothing, that appellee, Property Texas recover
$141,642.91 as damages for reasonable attorney=s fees, and that
appellee, T. Reit L.P. recover $211,599.33 as damages for reasonable attorney=s fees.  Appellants filed a motion requesting the
trial court to set the amount of security pending appeal, and asked the trial
court to set the amount at no more than $5,168.55 (as an estimate of
costs).  On February 21, 2007, the trial
court set the amount of security for damages at $353,242.24 (as security for
damagesBthe sum of the two
attorney=s fee awards), and
assessed security for costs at $5,168.55. 


Appellants challenge this order on the
ground that an award of attorney=s fees in a
judgment does not constitute damages to which the rules regarding supersedeas apply.  Thus, they request that we set aside the
trial court=s order and order the amount of security
set at a total of $5,168.55, or at zero because no costs were awarded in the
judgment.  Appellees filed responses to appellants= motion. 

Rule 24 sets out the requirements for
suspending enforcement of a judgment pending appeal in civil cases.  Tex.
R. App. P. 24.  Generally, when
the judgment is for money, the amount of the bond or security must equal the
sum of compensatory damages awarded in the judgment, not to exceed 50 percent
of the judgment debtor=s current net worth or 25 million
dollars.  Id. at 24.2(a)(1).  The trial court may set a lower amount of
security if the judge finds substantial economic harm will befall the judgment
debtor if it has to submit a greater amount of security.  Id. at 24.2(b).  








Rule 24.4 permits an appellate court to
engage in a limited review.  On any party=s motion, we may
review the following: (1) the sufficiency or excessiveness of the amount of
security; (2) the sureties on a bond; (3) the type of security; (4) the
determination whether to permit suspension of enforcement; and (5) the trial
court=s exercise of
discretion in setting the amount and type of security, deciding the sufficiency
of the sureties, and making any modifications to the amount or type of
security.  Id. at 24.4(a).  An appellate court may require that the
amount of the deposit or bond be increased or decreased, that another type of
security be provided and approved by the trial court clerk, that other changes
be made to the trial court=s order, or the
appellate court may remand for entry of findings of fact or the taking of
evidence.  Id. at 24.4(d).

Appellants= complaint is that
the judgment award is limited to attorney=s fees.  Appellants contend attorney=s fees should not
be included in the amount of the supersedeas bond as a matter of law.  Referring to the Civil Practice and Remedies
Code, section 41.001, appellants claim attorney=s fees are not
included in the definitions of damages.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 41.001 (Vernon
Supp. 2006).  However, the definitions in
this section do not expressly exclude attorney=s fees.  

Appellants also cite to a case from our
court holding that attorney=s fees are in the
nature of costs, not damages.  Williams
v. Compressor Engr=g Corp., 704 S.W.2d 469, 474 (Tex. App.BHouston [14th
Dist.] 1986, writ ref=d n.r.e.). 
Because there are no damages awarded by the judgment, appellants claim
the supersedeas bond should be set at zero, or alternatively, at no more than
$5,168.55 (costs incurred in the trial court, not including attorney=s fees).

In response, appellees contend that Rule
24.2(1) permits supersedeas to cover compensatory damages and costs awarded in
the judgment, which includes attorney=s fees.  Appellees also cite to our Williams case,
for the proposition that attorney=s fees are in the
nature of costs, which may be recovered in a contract claim.  Appellees argue that attorney=s fees in this
case should be considered to be damages because, in a contract case, the
prevailing party may recover its costs, including attorney=s fees.  See Republic Bank Dallas N.A. v. Shook,
653 S.W.2d 278, 282-83 (Tex. 1983).  








As to section 41 of the statute, appellees
note that exemplary damages are expressly excluded in the definition of
compensatory damages, but attorney=s fees are not
expressly excluded.  Because the contract
between the parties provides that the prevailing party shall recover fees as
compensation, appellees reason the attorney=s fees award in
this case should be construed to be damages.

We find the trial court=s order to be
proper.  Rule 24.2 provides that the
amount of the supersedeas bond must equal the sum of compensatory damages,
interest for the duration of appeal Aand costs awarded
in the judgment.@ 
Because our court has previously held that attorney=s fees are in the
nature of costs, Williams v. Compressor Engr=g Corp., 704 S.W.2d 469,
474 (Tex. App.BHouston [14th Dist.] 1986, writ ref=d n.r.e.), fees
should be considered part of the Acosts awarded in
the judgment.@ 
Another case from our court is instructive.  Although a family law case, the panel stated
in Roosth v. Daggett, 869 S.W.2d 634, 637 (Tex. App.BHouston [14th
Dist.] 1994, no writ), that attorney=s fees awarded in
the judgment (that were not for enforcement of a child support order) were a
debt that could have been suspended by the filing of a supersedeas bond.  Additionally, the contract between the
parties provided for attorney=s fees to
constitute compensation.  Whether, under
the facts of this case, the attorney=s fees awards are
in the nature of costs or damages, neither Rule 24, nor section 41.001,
precludes the trial court from setting an amount, such as that set in this
case, to secure this award.  Therefore,
we deny appellants= request to vacate the trial court=s order and reduce
the amount of supersedeas.    

 

PER CURIAM

Order filed May 3, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.

Publish.