### O. O. SEARCY V. S. L. HUNTER.

#### No. 3225.

1.  **Deed by Infant Voidable, not Void.**—An infant's deed is voidable, and it is well settled in this State that in order to avoid it he must disaffirm it within a reasonable time after attaining majority.

2.  **Same—Reasonable Time.**—The question of a reasonable time is one of fact to be found from the testimony.

3.  **Same—Fact Case.**—See facts held insufficient to show a disaffirmance of a deed made by minor.

4.  **Bona Fide Purchaser.**—A bona fide purchaser from a vendee of a minor does not take title against the right of the infant on majority to disaffirm.

5.  **Disaffirmance by Deed Made to Another.**—A conveyance by a grantor or his heirs is one mode of disaffirmance of a deed by an infant.

6.  **Attorney Fees in Defending Rights of Minor in Land in Suit.**—Legal services, if beneficial, performed in defense of rights of minor constitute a valuable consideration for a deed for a reasonable share of the land recovered.

APPEAL from Navarro. Tried below before Hon. Rufus Hardy.

This suit was brought by heirs of a married woman to recover a tract of land she had conveyed while a minor to a firm of attorneys for professional services. They had represented her at instance of her stepfather in a litigation involving 750 acres of land, and were successful. She made them a deed for 100 acres of the land. She subsequently died, leaving surviving her mother, a brother and sister of the half-blood, and her husband.

The findings of fact by the trial judge, the basis of the discussion in the opinion, is here given:

"2. The deed made to Simpkins & Simpkins by Annie E. Hollingsworth, dated December 13, 1878, through which defendant Hunter claims, was made while said Annie E. Hollingsworth was a minor, about 16 years old, she being at the time the owner of the land described in the deed.

"3.   In a suit pending in Navarro County, Texas, prior to 1878, the Haggerty heirs suing for the Haggerty survey were plaintiffs and other claimants of different portions of said Haggerty survey were defendants in trespass to try title.   While Annie E. Hollingsworth and the defendant or defendants in said suit claimed through the same mesne conveyance, their interests had been legally partitioned and each owned distinct portions of said survey, all of which appeared properly in the deed records of Navarro County at the time of the institution of said suit.   In the suit named Simpkins & Simpkins were employed by the defendants sued to represent them in the case.   O. O. Searcy, the stepfather of Annie (her father being dead, her mother still living), hearing of the pendency of said suit, wrote to Messrs. Simpkins & Simpkins asking them in effect to take such steps as were necessary to protect the interest of said Annie, and thereafter they (Simpkins & Simpkins) made said Annie by her next friend O. O. Searcy a party defendant in said suit by simply asking leave of the court and filing an answer in the cause for said Annie.   She was never made a party by service of citation or otherwise as above stated; and the plaintiff in said suit never by any pleading asked any relief against her.   Judgment in said suit was for the defendants.   The consideration for the deed from said Annie to Simpkins & Simpkins was the service or supposed service rendered her by said Simpkins & Simpkins in said cause as above set forth.

"4.   Said Annie was married to J. G. Blanks in October, 1882, and died in July, 1883, without children, before she was 21 years old.   Her heirs at law were her husband, her mother (the wife of O. O. Searcy), and her half-brother and sister—Overton and Shelby Searcy.

"5.   Mrs. Searcy died in December, 1883, leaving as heirs at law her husband O. O. Searcy and her two said minor children, who are still minors.

"6.   Blanks, in January, 1885, conveyed his interest in his deceased wife's estate to Overton Searcy.

"7.   This suit was instituted November 18, 1887.

"8.   After the marriage of said Annie she never by any act or declaration ratified the deed made by her to Simpkins & Simpkins.   Since her death her heirs nor any of the plaintiffs herein by any act or declaration ratified the same."

Judgment was rendered for the plaintiffs who claimed as heirs of Annie E., save as to the share inherited by her mother, for which the defendant recovered.   The plaintiffs appealed.   The opinion gives all other necessary facts.

*H. L. Stone* and *John D. Lee*, for appellants, cited Bingham v. Barley, 55 Texas, 281; Steed v. Petty, 65 Texas, 490; 1 Dev. on Deeds, sec. 97; Bige. on Estop., sec. 510.

*Simpkins & Neblett*, for appellee, cited Bingham v. Barley, 55 Texas, 281; Stewart v. Baker, 17 Texas, 417; Cummings v. Powell, 8 Texas, 93; Prout v. Wiley, 28 Mich., 1; Thrall v. Wright, 38 Vt., 494; Hoyle v. Stowe, 2 Dev. and Batt., 223; 59 Maine, 103; 2 Kent, 253; La Vega v. League, 64 Texas, 205; Abrahams v. Vollbaum, 54 Texas, 226.

GAINES, ASSOCIATE JUSTICE.—The appellants Overton Searcy and Shelby Searcy brought this suit by their guardian to recover of defendant a tract of 100 acres of land, and obtained a judgment for an undivided interest.

There is no statement of facts filed in the record, but the case is brought here upon the conclusions of fact and law of the judge who tried the case below without a jury. From the findings of fact it appears in substance that Annie E. Hollingsworth, then a minor, and others owned a large survey of land known as the Haggerty survey; that their interest had been in common, but had been severed by partition; that the heirs of Haggerty brought suit for the entire land against the other owners, but did not make Annie a party. She had no legally appointed guardian, but her stepfather, hearing of the suit, wrote to Simpkins & Simpkins, attorneys at law, requesting them to look after her interest in the land and to take such steps as were necessary to protect her rights. They obtained of the court leave for her appearance as a party defendant and filed an answer for her. The cause went to trial and resulted in a judgment for the defendants. Subsequently she conveyed to Simpkins & Simpkins the land in controversy in this suit in consideration of their services. Her interest in the Haggerty survey was about 750 acres, as shown by the petition in this case, and the tract in controversy is a part of it. At the time of the conveyance she was about 16 years old. While still a minor, in October, 1882, she married, and died in July, 1883, leaving as her heirs her mother, a married woman, and appellants, her half-brother and sister, and her husband, one Blanks. Her mother died in December, 1883, leaving appellants as her only surviving children. Blanks conveyed his interest in the land to the appellant Overton Searcy. The object of the suit was to disaffirm the deed to Simpkins & Simpkins and recover the land. The court gave judgment for the appellants for all the interest in the land except that inherited by the mother, and for that interest gave judgment for defendant. The judgment is assigned as error, and appellants maintain that they should have had judgment for the whole.

An infant's deed is voidable, not void; and it is well settled in this State that in order to avoid it he must disaffirm it within a reasonable time after attaining his majority. Kilgore v. Jordan, 17 Texas, 341; Stewart v. Baker, 17 Texas, 421; Bingham v. Barley, 55 Texas, 281. As to what is a reasonable time, there is an irreconcilable conflict in the authorities. The case last cited recognizes the rule that when mere

lapse of time is relied upon to defeat the right of avoiding the deed, it must be such as under all the circumstances will rebut any presumption of any intended disaffirmance. Without passing upon the correctness of the rule thus laid down, we are of opinion that there does not appear in the judge's findings of fact such circumstances as justified the court in holding as a matter of law that the mother of appellants at her death was barred of her right to avoid the deed. We think the question of a reasonable time one of fact to be found by the court as such, or, in case of a trial by the jury, by the jury under proper instructions from the court. For the error of the court in concluding that the appellants can not recover in the right of their mother, the judgment will be reversed; and in view of the fact that the case seems to admit of a fuller development upon another trial, the cause will be remanded.

There are other questions suggested in the briefs that require consideration. The authorities at common law seem to be that a married woman will not be barred of the right of disaffirming a deed made during infancy at any time during her coverture. We think, however, that rule should not apply in this State. It is true she can not here disaffirm by deed without consent of her husband, but she can disaffirm by suit without his concurrence. Still, we think that coverture is a circumstance to be considered in determining as a question of fact whether the disaffirmance has been attempted within a reasonable time or not.

Appellee contends that when the grantee of the minor sells the land for value to a purchaser in good faith the right of disaffirmance is lost. We have found no authority to support the proposition. Such a doctrine would enable the grantee to make the deed valid by a mere sale to an innocent purchaser, and would practically destroy a rule established to protect minors against the consequences of improvident conveyances of their property.

Appellee also maintains that the appellant Overton Searcy should not have recovered as grantee of J. G. Blanks, the surviving husband of the grantor in the deed sought to be avoided. But we understand the law to be that a conveyance by the grantor or her heirs is one mode of disaffirming the deed of an infant.

Appellee also insists that the legal services of Simpkins & Simpkins were a lawful consideration for the conveyances, and that the land can not be recovered without paying a compensation for that consideration. For necessaries furnished an infant the law implies a contract. These are usually food, lodging, wearing apparel, medicine, medical attendance, and the means of an education. Such is the more rigid rule of the common law. But there are cases which recognize that fees of attorneys for services rendered infants may under some circumstances be treated as necessaries, for the payment of which the law will imply

a contract. Epperson v. Nugent, 57 Miss., 45; Thrall v. Wright, 38 Vt., 494; and see for a general discussion, Hall v. Butterfield, 59 N. H., 354. Looking to the condition of affairs in our own State, it seems to us that to refuse to allow an attorney, who at the instance of a next friend has instituted a suit in behalf of a minor and recovered for him money or property, to claim from the infant a reasonable compensation for his services would be to establish a rule which would operate to the prejudice of the class it is designed to protect. In such case where the services have been beneficial to the infant we are of opinion that reasonable compensation should be allowed. The court found in this case that the deed to Simpkins & Simpkins was without consideration. That should be made to depend upon the question whether their services were beneficial to the infant or not. If so, the plaintiff should in no event recover without an offer to pay and the payment of a just and reasonable compensation. We have had some difficulty in determining whether the judgment in the suit of Haggerty's heirs was conclusive in her favor. If not, the legal services in the suit were as to her without value. But we think the judgment should be held conclusive. An infant may bring suit by a next friend, and we see no reason why he may not intervene in the same manner. Annie Hollingsworth was permitted to make herself a party defendant in the suit, and we think she was practically an intervenor asserting her claim against the plaintiffs in that suit, and that they are bound by the judgment. The right of Simpkins & Simpkins to compensation depended upon the question whether, in view of the state of the title and the attendant expense of litigation, it was beneficial to her interest to intervene in the suit or not.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 16, 1891.