O'BRIEN et al. v. SMITH et al.

No. 5198.

Court of Civil Appeals of Texas. Texarkana.

May 4, 1938.

Rehearing Denied June 2, 1938.

Abney & Caven, of Marshall, for plaintiffs in error.

Turner, Seaberry & Springer, of Eastland, and Wynne & Wynne, of Longview, for defendants in error.

HALL, Justice.

Defendants in error filed this suit in form of trespass to try title and for the appointment of a receiver, against plaintiffs in error in Kaufman County on October 24, 1931. A receiver was appointed by the District Court of Kaufman County, and at a later date the cause together with the receivership was transferred to Gregg County. Plaintiff in error's amended answer consists of general demurrer, general denial and plea of not guilty. Trial was to the court without a jury, and resulted in judgment for defendants in error for title and possession of the leasehold interest of the land in controversy and removal of the cloud cast thereon by plaintiffs in error's claim. The cause is now properly before this court for review.

This controversy arises over the leasehold interest in an 8½-acre tract of land, a part of the John Blair Survey in Gregg County, inherited by Obbie Prothro from the estate of his deceased mother. On November 30, 1930, John Prothro, father of Obbie Prothro, a minor twenty years of age, was appointed guardian of the person and estate of Obbie Prothro by the Probate Court of Gregg County. On January 14, 1931, under proper orders of the probate court, John Prothro, as guardian, leased for oil and gas the 8½-acre tract of land belonging to Obbie Prothro to J. S. Smith. This lease was on the same day executed by Obbie Prothro individually and duly acknowledged by him. J. S. Smith assigned the lease on this land to plaintiff in error J. C. O'Brien on February 28, 1931. On March 19, 1931, the District Court of Kaufman County removed Obbie Prothro's disabilities of minority, and on April 1, 1931, he executed an oil and gas lease covering this 8½-acre tract of land to J. J. Parks. On April 20, 1931, Obbie Prothro executed a ratification of the J. S. Smith lease theretofore executed by him and his guardian, John Prothro, on January 14, 1931, and on the same date executed a contract of employment with plaintiff in error M. M. O'Banion to set aside the J. J. Parks lease of date April 1, 1931. On June 10, 1931, a suit was filed in the name of Obbie Prothro by A. V. Grant, as next friend, against J. S. Smith in nature of trespass to try title involving the same 8½ acres of land leased to Smith by Obbie Prothro and his guardian of date January 14, 1931, and on the same date a lis pendens notice of said suit was filed in the county clerk's office of Gregg County. Obbie Prothro became twenty-one years of age August 2, 1931. On August 21, 1931, J. J. Parks conveyed an undivided ½ interest in the leasehold estate in this land to Erwin Smith. No operations or development of any sort for oil or gas was begun on this 8½-acre tract of land by O'Brien prior to August 2, 1931, or any time thereafter. Three producing oil wells have been drilled on this tract of land by the receiver appointed by the District Court of Kaufman County, the first on October 24, 1932, the second on November 19, 1932, and the third on October 25, 1933. The Railroad Commission has refused any more permits for oil wells on this tract of land. It appears from the record that defendants in error J. J. Parks and Erwin Smith have assigned their title to the leasehold interest in this land to K. W. Griffin and Hall Walker, but the suit is prosecuted in the name of Parks and Smith for the benefit of Griffin and Walker.

Plaintiffs in error's first assignment of error is: "The court erred in the first conclusion of law, which is as follows to-wit: 'I therefore conclude that the guardian's lease, executed by John Prothro as guardian of Obbie Prothro, dated January 14, 1931, expired by operation of law on August 2, 1931.'" This was error for the reason that Obbie Prothro's disabilities as a minor were legally removed prior to April 1, 1931, and on that date he executed a top lease to J. J. Parks and thereby repudiated his guardian's lease, clouded the title of the lessee thereto, and brought

about this litigation, thus preventing the drilling of the property by the holder of the guardian's lease prior to the date the minor became 21 years of age. This suit arises out of execution of said top lease, a receiver was appointed hereunder, and has fully drilled the tract, and the guardian's lease was thereby kept in effect."

This suit is between the holders under the guardian's lease and the individual lease of Obbie Prothro of January 14, 1931, on the one hand, and the holders under the Obbie Prothro lease dated April 1, 1931, on the other hand, and affects only the leasehold interest in said land. Article 4192, Subdivision 5, R.C.S., Vernon's Ann. Civ.St. art. 4192, subd. 5, provides that a lease executed by a guardian shall not "extend beyond the time that the ward shall become twenty-one years of age, unless at that time the lessee shall have discovered such minerals as are specified in the lease, or any such minerals, upon the premises described in such lease, in which event the same shall remain in full force so long as such·minerals or any of them shall be produced in paying quantities." It is admitted that no production of oil or gas was discovered by plaintiffs in error on the 8½-acre tract of land before August 2, 1931, the date Obbie Prothro became twenty-one years of age, and plaintiffs in error seek to excuse themselves from non-performance in development of said property on account of the acts and conduct of Obbie Prothro towards the guardian's lease and those holding under same after removal of his disabilities of minority. The statute quoted above effectively limits the powers of the probate court, the guardian, and all persons purchasing a lease on a minor's property; and the fixing by either or all of them of a contingency terminating a guardian's lease different from that fixed by the statute would be utterly void, being in violation of positive law. So it remains to be determined whether a minor after removal of his disabilities, and before he reaches twenty-one years of age, can, by his acts and conduct toward the lessee of his guardian, estop himself from declaring a forfeiture of the guardian's lease of his property for lack of development by the date of his twenty-first birthday, so as to excuse such lessee for failure to develop. We think, undoubtedly, he can, if his acts and conduct are known to the lessee and are of such serious nature as would cause an ordinarily prudent business man to desist from development of the property. Huggins v. Robison, 118 Tex. 82, 10 S.W.2d 710; Miller v. Hodges, Tex. Com.App., 260 S.W. 168. The hindering acts and conduct charged against the minor, Obbie Prothro, are his giving to J. J. Parks a lease on April 1, 1931, after the removal of his disabilities of minority, which lease covered the same 8½ acres of land covered by·the guardian's lease of January 14, 1931, and the suit in trespass to try title filed in his name by A. V. Grant, as next friend, against J. S. Smith.

We shall discuss, first, the legal effect of the suit filed by Grant (which will hereinafter be referred to as the Grant suit) in the name of Obbie Prothro. Revised Statutes, Article 7370, provides: "The defendant in the action [trespass to try title] shall be the person in possession if the premises are occupied, or some person claiming title thereto in case they are unoccupied." The record discloses that the Grant suit as originally filed on June 10, 1931, and upon which the lis pendens notice of the same date was based, was against J. S. Smith alone as defendant for title and possession of the land in controversy. It is clear from this record that on this date, June 10, 1931, J. S. Smith had parted with all title to this property and occupied the position simply as assignor of plaintiff in error O'Brien. The rights of O'Brien to the leasehold interest in this land could in no wise be affected by this suit because he was not a party thereto. 41 Tex.Jur. p. 613, Sec. 123. And the lis pendens notice showing that the suit was against his assignor who had parted with the leasehold interest therein long before the filing thereof could not affect the rights of O'Brien with respect to development of this property, and in law would not amount to notice to O'Brien. It is true, the record reveals the Grant suit was amended June 17, 1931, and O'Brien and another person were made parties thereto, but it does not appear that O'Brien was served with citation or any notice of the pendency of said suit, or that he ever knew of the existence of the Grant suit in its amended form. We can see no reason, then, why this suit would afford any excuse or justification for plaintiff in error's failure to develop for oil and gas the land in controversy.

With respect to the effect of the giving by Obbie Prothro of the so-called top lease of April 1, 1931, to J. J. Parks, we have reached the same conclusion. As we will later show, its office was primarily

to disaffirm the lease given by Obbie Prothro to Smith during minority. In our opinion, it would not constitute a serious impediment to development by plaintiffs in error of the property under the terms of his valid guardian's lease covering same, which was prior in time and duly of record when the top lease was executed, and the top lease would, in law, be subject thereto. Besides, under the rules of law laid down by the decisions of this state governing the facts of this case, O'Brien would have been protected as to improvements made in good faith, had he made any, even though he had lost the title to said lease in a suit between him and the top lessee. Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452; Gulf Production Co. v. Baton, Tex.Civ.App., 108 S.W.2d 960, writ ref. Moreover, the record in this case is devoid of any statement by plaintiffs in error that they had actual knowledge of either the Grant suit or the top lease. And nowhere is it shown in the record that they failed and refused to develop this property because of the filing of the Grant suit or the giving of the top lease on April 1, 1931. Plaintiffs in error, in our opinion, should be required to show that the acts and conduct of the minor complained of were known to them and constituted the reason for their failure to develop the lease. Certainly, if plaintiffs in error under the facts in this case had no actual knowledge of either of these happenings they could not have been affected by them. The assignment is overruled.

By their third assignment plaintiffs in error assert:

"The court erred in his second conclusion of law, which is as follows: 'I further conclude that Obbie Prothro, by his execution of a lease to J. J. Parks on April 1, 1931, disaffirm his prior lease executed during minority, and before his disabilities were removed, which lease was the same as the guardian's lease above referred to.'

"This was error because Obbie Prothro, though a minor on January 14, 1931, the date he acknowledged the lease executed by himself and by his guardian to J. S. Smith, such lease was only voidable, and was not void, and if it be conceded that his action in executing the top lease to J. J. Parks on April 1, 1931, after his disabilities as a minor had been removed, operated as a disaffirmance of the lease he had executed during minority, the holders of the top lease could not recover the leasehold estate in an action of trespass to try title, but could only attack the lease by an equitable plea for cancellation thereof, alleging the facts, if any, which entitled them to escape its effect, and tendering the consideration paid for the lease, or alleging facts which would excuse them from doing so."

This assignment presents a correct principle of law when applied to certain character of cases. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, 403; Robinson v. Roquemore, Tex.Civ.App., 2 S.W. 2d 873, 875; and McGill v. Reed, Tex.Civ. App., 64 S.W.2d 358; Groesbeeck v. Crow, 85 Tex. 200, 20 S.W. 49; Packard v. De Miranda, Tex.Civ.App. 146 S.W. 211, 212; Hall v. Bradley, Tex.Civ.App., 282 S.W. 874; Nash v. South, Tex.Civ.App., 84 S. W.2d 293; McCampbell v. Durst, 15 Tex. Civ.App., 522, 40 S.W. 315; Grundy v. Greene, Tex.Civ.App., 207 S.W. 964, writ ref.; but this court in Jones v. Teat, 57 S.W.2d 617, affirmed by Supreme Court in 126 Tex. 480, 89 S.W.2d 987, has laid down another and different rule governing conveyances by a minor. That case in point of fact is very similar to this case. There, as here, the minor executed an oil and gas lease during his minority and after his disabilities were removed he executed another lease to a different party covering the same land. In passing upon the effect the last lease had upon the first one, the Commission of Appeals said (page 989): "* * * The law regards a conveyance of land by a former minor to a third person, which is inconsistent with a conveyance made by him while under the disabilities of minority, as manifesting an intention to disaffirm the older conveyance. Searcy v. Hunter, 81 Tex. 644, 17 S.W. 372, 26 Am.St.Rep. 837; 23 Tex.Jur. p. 742; 14 R.C.L. p. 237. It is also the settled law that a disaffirmance of the older conveyance has effect to destroy the conveyance entirely. 23 Tex.Jur. p. 743; 14 R. C.L. p. 242; 31 C.J. 1022. The vendee under the later instrument has the right to rely on its terms as manifesting the intention of his vendor, with respect to the other instrument, that the law ascribes to them. It is certain, too, that the vendor could not afterwards, by ratification or even by express agreement, restore the disaffirmed instrument to its original status of priority. Intervening rights of third persons would not be displaced by the subsequent ratification or agreement."

478

In the opinion of this court respecting this same case it is said (57 S.W.2d page 620): " * * * 'The last conveyance of necessity destroys the force and effect of the first conveyance so far as to make it not possible for the two to stand together and both be given effect according to their terms. The absolute sale and conveyance of the same land or interest in land to a third person, not within privity of relation with the first grantee, is a well-recognized method, and the settled doctrine in this state, of giving expression to an unequivocal intent of disaffirmance of an infant's conveyance. Searcy v. Hunter, 81 Tex. 644, 17 S.W. 372, 26 Am.St.Rep. 837; I Elliott on Contracts, § 345, p. 560; 31 C.J. § 70, p. 1020, § 80, p. 1026. The effect and result of the disaffirmance of a conveyance of land entered into during infancy annuls and renders it thereafter void on both sides ab initio. 23 Tex.Jur., § 48, p. 742; I Elliott on Contracts, § 352, p. 569; 31 C.J. § 167, p. 1071; Gage v. Menczer (Tex. Civ.App.) 144 S.W. 717. *The parties are in the same status in which they would have been if the contract had not been made.* As a valid disaffirmance cannot be retracted without the assent of the other party, it follows that the deed to Dean and Adkisson is effectual and must prevail in this case. As noted by the cases above cited, and declared in other cases, whether the deed amounts to a disaffirmance becomes a question, not for determination by the jury, but, of pure law for the determination of the court. Peterson v. Laik, 24 Mo. 541, 69 Am.Dec. 441, and other cases." (Italics ours.) Black on Rescission & Cancellation, Vol. 1, p. 789, Sec. 312.

█ █ We have been furnished with a certified copy of plaintiffs' pleadings in Jones v. Teat, supra, which show, it seems to us, that that suit was an action in trespass to try title combined with an action for the cancellation of the minor's lease with tender of the consideration paid therefor. But the Supreme Court has denominated that suit one in trespass to try title, and the opinion seems to be based upon that designation, so we are precluded from characterizing it differently, therefore this assignment is overruled.

The other assignments brought forward have been carefully examined by us and in our opinion are without merit.

The judgment is affirmed.