**Affirmed in Part, Reversed and Remanded in Part, and En Banc Majority, Concurring, and Dissenting Opinions filed December 20, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-09-01081-CV

---

### ROSSCER CRAIG TUCKER, II, Appellant

### V.

### LIZABETH THOMAS, Appellee

---

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2003-55104**

---

## EN BANC DISSENTING OPINION

Recognizing that no statute permits a judgment for attorney's fees as child support in a non-enforcement modification suit, the majority changes the question to whether any statute *prohibits* this award. Because the legislature has not expressly prohibited the taxation of attorney's fees as child support in the modification context, the majority concludes that a trial court has the inherent power to render judgment as such. What the majority fails to realize is that the Texas Family Code is a comprehensive statutory scheme that specifically addresses when a judgment for attorney's fees may be

enforceable in the same manner as child support. Under this scheme, attorney's fees are taxable as child support exclusively in suits of enforcement. We should not frustrate the statutory framework by holding that the trial court has the inherent discretion to make such an award in a non-enforcement modification suit. For this reason and the reasons that follow, I respectfully dissent.

## I.   The Texas Family Code Contains No Provision Allowing Attorney's Fees to Be Taxed As Child Support in a Non-Enforcement Modification Suit

The focus of today's en banc consideration is the manner in which a trial court may tax a judgment for attorney's fees in a non-enforcement modification suit. No one disputes that the trial court may tax the judgment as costs. The issue for this court to decide is whether a trial court, in the same context, has the added discretion to tax the judgment as child support instead.

The difference between a judgment for costs and a judgment for child support lies primarily in the varying methods of enforcement incumbent to each. As costs, a judgment for attorney's fees is enforceable "by any means available for the enforcement of a judgment for debt." Tex. Fam. Code Ann. § 106.002(b) (West 2008). The critical point here is that a judgment for costs may never be enforced by contempt. This prohibition is compelled by article I, section 18 of the Texas Constitution, which plainly states, "No person shall ever be imprisoned for debt." Tex. Const. art. I, § 18.

When taxed as child support, the judgment is treated just like an ordinary arrearage for unpaid support. Because parents owe this support under a legal duty to their children, fees rendered in the nature of child support are not considered traditional debts within the meaning of Article I, Section 18. *See Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993); *Ex parte Helms*, 259 S.W.2d 184, 188 (Tex. 1953). To the contrary, judgments taxed as child support are specifically enforceable by contempt and any other means available for the enforcement of child support. Tex. Fam. Code Ann. § 157.167(a). These means include the garnishment of wages, as well as the suspension of drivers

2

licenses and other government-issued permits. *See* Tex. Const. art. XVI, § 28; Tex. Fam. Code Ann. §§ 158.0051, 232.003. The Constitution does not expressly authorize the enforcement of a judgment for debt in similar fashion, nor does any other statute within the Texas Family Code.

A.  *Section 106.002 Provides for the Award of Attorney's Fees As a "Debt" in a Title 5 Proceeding*

The parents in this case filed suit under Title 5 of the Texas Family Code, which the legislature has labeled "The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship." Within all of Title 5, there is only a single global provision regarding judgments for attorney's fees, and it reads as follows:

> (a) In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney.

> (b) A judgment for attorney's fees and expenses may be enforced in the attorney's name by any means available for the enforcement of a judgment for debt.

Tex. Fam. Code Ann. § 106.002. This statute is organized under the "General Provisions" of Subtitle A, and by its own terms, it applies to all suits affecting the parent-child relationship, making no apparent distinction between enforcement and non-enforcement modification proceedings.

B.  *The Family Code Provides Only One Additional Provision for Attorney's Fees "As Costs" in a Modification Action*

Subtitle B of Title 5 contains additional provisions on the subject of attorney's fees, but unlike Section 106.002, they are not generally applicable to all suits affecting the parent-child relationship. Only one such statute is unique to the modification context, and it is Section 156.005, which states the following: "If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party." *Id.* § 156.005. This provision

3

represents the only occasion where the words "attorney's fees" appear in Chapter 156, the chapter specifically reserved for all suits pertaining to modification.

C. *The Only Statute Authorizing an Award of Attorney's Fees As "Child Support" Is Contained in Chapter 157 of the Family Code, the Chapter Designated for All Actions of "Enforcement"*

Section 157.167 is the only statute that expressly authorizes a judgment for attorney's fees to be enforced in the nature of child support. In pertinent part, the statute provides as follows:

> (a) If the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages. Fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt.

> (b) If the court finds that the respondent has failed to comply with the terms of an order providing for the possession of or access to a child, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to any other remedy. If the court finds that the enforcement of the order with which the respondent has failed to comply was necessary to ensure the child's physical or emotional health or welfare, the fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt, but not including income withholding.

*Id.* § 157.167(a)–(b). This provision speaks in terms of "movants" and "respondents" because Chapter 157 is wholly dedicated to motions filed against parents who are alleged to have neglected their legal duty of support. No other provision in Title 5 similarly authorizes the enforcement of a judgment for attorney's fees in the nature of child support.

D. *Section 158.0051 Provides for Wage Withholding for Attorney's Fees in an Enforcement Action*

Section 158.0051 specifies that the trial court "may render an order that income be withheld [and] applied towards the satisfaction of any ordered attorney's fees and costs

4

*resulting from an action to enforce child support* under [Title 5]." *Id.* § 158.0051(a) (emphasis added). There is no like provision for attorney's fees resulting from a non-enforcement modification suit.

E.      *The Statutes Cited by the Majority Do Not Contain the Words "Attorney's Fees"*

Without quoting the statutory sections in its opinion, the majority states, "Under applicable statutes, the trial court was clothed with jurisdiction and authority to order Ross to pay these attorney's fees as additional child support. *See* Tex. Fam. Code Ann. §§ 151.001, 154.001, 155.003, 156.401." *Ante*, at 13. Not one of these sections contains the words "attorney's fees" and not one of these sections provides that an award of attorney's fees can be taxed as additional child support.

F.      *Chapter 154, Entitled "Child Support," Does Not Mention Attorney's Fees*

Chapter 154 provides a comprehensive guideline to the trial court, setting the amounts of child support awardable and providing for enforcement through contempt and wage withholding as to those periodic payments. Tex. Fam. Code Ann. § 154.007. It also provides for wage withholding for medical support obligations. *Id.* § 154.183. It defines interest due on child support as part of child support. *Id.* § 154.267.

Chapter 154 never defines attorney's fees as a component of child support. It does not provide for wage withholding for attorney's fees. It does not provide that a "necessaries" award is a component of child support or that a "necessaries" award can be enforced by contempt or wage withholding.

## II.    A Statute's Silence Has Significance

In my opinion, the language and placement of these statutes suggest that attorney's fees may only be taxed as child support under the enforcement provisions of Section 157.167. If attorney's fees were intended to be taxable as child support in a non-enforcement modification suit, I believe the legislature would have expressed that intent

5

under Chapter 156, where all of the other modification provisions are organized. *See In re Moers*, 104 S.W.3d 609, 612 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (observing that the legislature has only expressly authorized a judgment for attorney's fees as child support in the context of enforcement, and that restricting the availability of attorney's fees as child support to suits of enforcement corresponded with legislative intent). As Chapter 156 is written now, however, there can be no textual basis for ascertaining such intent. Chapter 156 only contains a single statute discussing the subject of attorney's fees, and its terms require the trial court to tax the judgment as costs if a modification suit is frivolous or brought with the purpose of harassment. *See* Tex. Fam. Code Ann. § 156.005. In ordinary modification suits, those where frivolous filings and harassment are not at issue, the only statute authorizing a judgment for attorney's fees is the global provision of Section 106.002—and its text makes no allowance for a judgment enforceable as child support. *See id.* § 106.002 (permitting a judgment for attorney's fees to be enforceable as a judgment for debt in any suit under Title 5).

"A statute's silence can be significant. When the Legislature includes a right or remedy in one part of a code but omits it in another, that may be precisely what the Legislature intended." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004). In the absence of any comparable provision under Chapter 156, I read Section 157.167 as a deliberate choice on the part of the legislature to restrict the taxation of attorney's fees as child support to suits involving the enforcement of a prior order. This interpretation corresponds with the logical notion that the legislature appreciated the practical disparity between modification and enforcement suits; a judgment against a parent who is presently behind in child support will almost certainly require more compelling means of enforcement than a judgment against a parent with no proven history of arrears. *See Moers*, 104 S.W.3d at 611–12 (recognizing the serious consequences that stem from taxing attorney's fees as child support, and observing the effort to limit their expansion beyond the enforcement context, where the threat of contempt is most justified); *see also Markowsky v. Newman*, 136 S.W.2d 808, 812 (Tex.

1940) (observing that a court may consider the evils a statute seeks to remedy when ascertaining legislative intent). This interpretation also appreciates the longstanding tradition that the power to punish by contempt must be exercised "with great caution, and only as a preservative, and not as a vindictive measure." *Herring v. Houston Nat'l Exch. Bank*, 255 S.W. 1097, 1104 (Tex. 1923).

Where the legislature has made specific enactments on the subject of attorney's fees, there is no need to turn to other provisions containing general terms. I would conclude that the legislature fully addressed the subject of attorney's fees in suits affecting the parent-child relationship, and Title 5 makes clear that attorney's fees may only be considered as child support in enforcement actions under Chapter 157.

### III. The Majority's Conclusion Has No Textual Support in Any Provision of the Texas Family Code

A. *The Statutes Cited by the Majority Do Not Permit a Judgment for Attorney's Fees As Child Support in a Non-Enforcement Modification Suit*

The majority claims that "under the unambiguous language of the Family Code," the trial court has a "sound statutory basis" for ordering the payment of attorney's fees as child support in a non-enforcement modification suit. *Ante*, at 7, 9. In support of this conclusion, the majority relies exclusively on Sections 151.001, 154.001, 155.003, and 156.401. *Ante*, at 7–13. The majority's analysis should be rejected for the simple reason that none of these statutes contains the words "attorney's fees." Without those words, the majority's construction cannot possibly reflect the legislature's intent on this subject.

Although the majority relies on the collective weight of four statutes for its conclusion, the majority only quotes one of those statutes, Section 151.001, in Part IV.A.2 of its opinion. *Ante*, at 8. The subsections recited by the majority provide that "[a] parent of a child has . . . the duty to support the child," and "[a] parent who fails to discharge the duty of support is liable to a person who provides necessaries to those to whom support is owed." Tex. Fam. Code Ann. § 151.001(a)(3), (c). The majority

apparently believes that Section 151.001(c) authorizes a judgment to be taxed as child support because the legislature has codified a parent's common law liability for "necessaries." What the majority fails to recognize is that this liability accrues only upon a parent's "fail[ure] to discharge the duty of support." *Id.* § 151.001(c). The failure to provide support is a matter incumbent to enforcement proceedings, not suits for modification. The majority strains all meaning from the text by citing this provision as authority that a judgment may be taxed as child support in a non-enforcement modification suit.

B.      *The Majority's Analysis Is Contrary to the Intent of the Legislature*

The majority's statutory construction should be rejected for the additional reason that it renders Section 157.167 superfluous. According to the majority, "the trial court was clothed with jurisdiction and authority" to order the payment of attorney's fees as child support under Sections 151.001, 154.001, 155.003, and 156.401. *Ante*, at 13. But if the trial court has the discretion to render judgment for attorney's fees as child support under these four provisions, without regard to the nature of the underlying proceeding, the legislature would have no need to specify that attorney's fees may be taxed as child support upon a finding that "the respondent has failed to make child support payments," as provided under Section 157.167. The majority does not explain how Section 157.167 can be effective apart from the four statutes on which it relies. *See* Tex. Gov't Code Ann. § 311.021 (West 2005) (establishing presumption that every statute is intended to be effective).

The majority's analysis is also flawed in that it attributes the legislature with having an intent that is inconsistent with its own enactments. As the majority observes in Footnote Eight of its opinion:

> If a trial court finds attorney's fees for enforcement of an order for possession of or access to a child to be necessaries for the benefit of the child and awards them as additional child support, it may be that section

8

157.167(b) would prohibit the trial court from enforcing this order by means of income withholding.

*Ante*, at 17 n.8. This statement suggests that the legislature did not fully appreciate the consequences of taxing a judgment in the nature of child support. Under the majority's construction of the "relevant statutes," attorney's fees that represent necessaries are enforceable by any means available for the enforcement of child support, including wage withholding. But under the express language of Section 157.167(b), wage withholding is not available if a court finds that a parent has failed to comply with an order for possession of or access to a child. *See* Tex. Fam. Code Ann. § 157.167(b). The majority can offer no explanation as to why the legislature would allow wage withholding in suits where there has been no failure of support, but forbid the same where judicial intervention is "necessary to ensure the child's physical or emotional health or welfare." *See id.* The inconsistency required by the majority's holding was not intended by the legislature. Rather than fight this inconsistency, the majority should simply concede that its own construction is contrary to what the legislature actually intended, which is to restrict the taxation of attorney's fees as child support to suits involving the enforcement of a prior order.

C.    *Section 107.023 Does Not Permit a Judgment for Amicus Fees in the Nature of Child Support*

The majority finally claims that fees awarded to an amicus attorney are enforceable as child support under the provisions of Section 107.023. *Ante*, at 21–23. In pertinent part, that statute provides the following: "The court may determine that fees awarded . . . to an amicus attorney, an attorney ad litem for the child, or a guardian ad litem for the child are necessaries for the benefit of the child." Tex. Fam. Code Ann. § 107.023(d).

I do not believe this provision supports the majority's conclusion. The trial court in this case taxed the amicus attorney's judgment as "additional child support," and there is no language in the statutory text equating necessaries with child support. In fact, the

9

statute makes no mention of a judgment for fees or the manner in which it may be enforced. And, as I explain in the sections that follow, there is no authority under the entire body of jurisprudence in this state holding that a judgment for necessaries is enforceable in the same manner as child support.

## IV. The Majority's Decision Is Not Supported by the Case Law

A. *The Texas Supreme Court Has Never Held That Attorney's Fees May Be Taxed As Child Support in a Non-Enforcement Modification Suit*

Many Texas courts have held that attorney's fees may be construed as necessaries incurred for the benefit of the child. Even the Texas Supreme Court has adhered to that position, as the majority recognizes in three citations, some dating back as far as the nineteenth century. *See ante*, at 8–9 (citing *In re H.V.*, 252 S.W.3d 319, 327 n.55 (2008); *Searcy v. Hunter*, 17 S.W. 372, 373 (Tex. 1891); and *Askey v. Williams*, 11 S.W. 1101, 1101–02 (Tex. 1889)). Relying on these cited authorities, the majority believes that a judgment for attorney's fees may be enforced as child support because necessaries, like child support, pertain directly to a parent's legal duty of support. This proposition is not supported by the issues addressed in any of the three cited cases. All three cases examine subjects other than the manner in which a judgment for attorney's fees may be enforced, and none of them arises in the context of a dispute under Title 5, or its statutory predecessor. *See Askey*, 11 S.W. at 1101–02 (addressing the ownership of a tract of land that a minor had previously mortgaged to a criminal defense attorney)[1]; *Searcy*, 17 S.W. at 372–73 (addressing the ownership of a tract of land that a minor had previously

---

[1] The issue in *Askey* was whether the appellee had established title to an undivided one-third interest in a tract of land. *Askey*, 11 S.W. at 1101. The land at the center of this controversy had, at an earlier point, descended to a minor, who later mortgaged the property and issued a promissory note as a means of securing the legal services of a criminal defense attorney. *Id.* The land was eventually conveyed when the note matured and the legal fees went unpaid. *Id.* The supreme court held that the "contracts of an infant for necessaries are neither void nor voidable" and that "the services of an attorney should be held necessary to an infant, where he is charged by an indictment with crime." *Id.* Although the minor was bound to pay the attorney's fees, the court held that he could have avoided the mortgage had he paid the fees within a reasonable time after attaining his majority. *Id.* at 1102. The conveyance was upheld where the evidence showed that the minor made no offer to pay anything upon reaching majority. *Id.*

10

conveyed to a law firm)[2]; *H.V.*, 252 S.W.3d at 324–27 (addressing whether evidence was properly suppressed in a juvenile justice case).[3] These authorities contain general suggestions that the services of an attorney may be "necessaries" for the benefit of the child, but they do not indicate that "necessaries" and "child support" are interchangeable terms, nor do they provide any basis that might enlighten our understanding of the statutory distinctions between an enforcement suit and a non-enforcement modification suit. Accordingly, I do not believe these authorities can support the majority's conclusion that a judgment for attorney's fees may be taxed as child support in a non-enforcement modification suit.

B.      *The Majority Errs by Relying on* Hardin *Because That Decision Has No Basis in Statutory or Common Law*

In Part IV.A.2 of its opinion, the majority concludes "that the trial court in a non-enforcement modification suit may order a parent to pay reasonable attorney's fees as

---

[2] In *Searcy*, a minor conveyed her interest in land to a law firm in consideration of certain legal services provided to her. *Searcy*, 17 S.W. at 372. When the minor died, suit was filed to disaffirm the deed. *Id.* Recognizing that a minor's deed is voidable, rather than void, the supreme court held that if the deed were to be disaffirmed, the minor must have attempted to disaffirm it within a reasonable time after attaining majority. *Id.* at 372–73. The cause was remanded to the trial court for a determination of whether the minor's survivor had attempted to disaffirm the deed within a reasonable time. *Id.* at 373. Because the legal services were also found to be necessaries, the court held that if the deed were to be disaffirmed, reasonable compensation would still be owed. *Id.* Thus, the court remanded the case for the additional determination of whether the services were beneficial to the minor. *Id.*

[3] In *H.V.*, the supreme court was called to determine whether a minor invoked his Fifth Amendment right to counsel when, during a custodial interrogation, he stated that he "wanted his mother to ask for an attorney." *H.V.*, 252 S.W.3d at 321. After considering the objective circumstances of the interrogation, including the minor's age, the majority concluded that the minor's request was unambiguous, and that the suppression order was properly granted. *Id.* at 327. The dissent would have held that the statement required clarification, and therefore, was not an invocation of the right to counsel. *Id.* at 330 (Jefferson, C.J., concurring in part and dissenting in part). The dissent objected to the majority's conclusion that the minor's age "at least hindered if it did not prevent him from [hiring private counsel] himself." *Id.* at 335. Citing *Askey*, the dissent observed that a minor has always had the right to contract for necessaries, including defense counsel, because "it would be unreasonable to deny him the power to secure the means of defending himself." *See Askey*, 11 S.W. at 1101. In a response consigned only to a footnote, the majority stated, "We need not decide today whether [*Askey*] survives the rule announced 78 years later that juveniles have a constitutional right to counsel; we merely note that it remains the duty of a parent in the first instance to pay for such necessaries." *H.V.*, 252 S.W.3d at 327 n.55 (citations omitted).

child support based upon the parent's legal duty to pay for the children's necessaries." *Ante*, at 13–14. The majority cites a total of nine cases for this proposition, but only one of those cases—*Hardin v. Hardin*, 161 S.W.3d 14 (Tex. App.—Houston [14th Dist.] 2004, no pet.)—actually reaches the merits on this issue. As I will explain, however, *Hardin* was incorrectly decided.

In *Hardin*, this court held that attorney's fees may be taxed as child support "if the services performed by the attorney have a relationship to the needs of the child." *Hardin*, 161 S.W.3d at 25. Not a single statute was cited in support of this proposition—an omission conceded by the majority.[4] *See ante*, at 9 (recognizing the *Hardin* Court's failure to cite to the same statutory authority cited in today's majority decision). In the absence of any statutory authority, the *Hardin* Court relied instead on six decisions from the intermediate courts of appeals, apparently suggesting that Texas courts have long recognized that necessaries are enforceable as child support. *Hardin*, 161 S.W.3d at 26–27 (citing *In re A.J.L.*, 108 S.W.3d 414 (Tex. App.—Fort Worth 2003, pet. denied); *In re H.S.N.*, 69 S.W.3d 829 (Tex. App.—Corpus Christi 2002, no pet.); *London v. London*, 94 S.W.3d 139 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Ex parte Wagner*, 905 S.W.2d 799 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); *Roosth v. Roosth*, 889 S.W.2d 445 (Tex. App.—Houston [14th Dist.] 1994, writ denied); and *Daniels v. Allen*, 811 S.W.2d 278 (Tex. App.—Tyler 1991, no writ)).

The cases cited in *Hardin* merely restate that the services of an attorney are necessary in certain proceedings. Their issues do not involve the manner in which attorney's fees may be taxed, and thus, they fail to demonstrate that necessaries are enforceable as child support per se. *See A.J.L.*, 108 S.W.3d at 421–22 (deciding whether

---

[4] The majority correctly observes that the *Hardin* Court did cite to Section 154.001, but this citation followed the familiar maxim that "parents have a legal duty to support their children." For its ultimate holding—the rule that is the focus of today's en banc decision—the only direct citation from the *Hardin* Court is to *Roosth v. Roosth*, a decision that never reached the merits of how a judgment for attorney's fees may be enforced. *See Hardin*, 161 S.W.3d at 25; *Roosth v. Roosth*, 889 S.W.2d 445, 456 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding merely that the evidence was sufficient to support the award of attorney's fees).

12

a nonparent had a legal duty of support that would require him to pay attorney's fees in the nature of child support); *H.S.N.*, 69 S.W.3d at 834–35 (deciding whether attorney's fees for a motion to transfer must be segregated from attorney's fees for a motion to modify); *London*, 94 S.W.3d at 145–47 (deciding whether a judgment for reasonable and necessary attorney's fees was supported by the evidence); *Wagner*, 905 S.W.2d at 803–04 (deciding whether a parent could be held in contempt upon his failure to pay attorney's fees that accrued in a suit to establish paternity)[5]; *Roosth*, 889 S.W.2d at 455–56 (deciding whether the evidence was legally and factually sufficient to support the award of attorney's fees); *Daniels*, 811 S.W.2d at 279–80 (deciding whether attorney's fees were adequately pleaded).[6]

Because *Hardin* has no foundation in the Texas Family Code or the cases on which it relies, I would vote to overrule it.

C.     *No Other Court Has Subscribed to the Majority's Rule of Decision*

In addition to *Hardin* and the three supreme court cases already discussed, the majority claims that other courts have correctly decided that attorney's fees may be taxed

---

[5] In *Wagner*, we denied the relator's writ of habeas corpus because the fees were taxed in the nature of child support, and as such, they were not traditional debts within meaning of article I, section 18 of the Texas Constitution. Because the attorney's fees accrued in what we explicitly noted was "an enforcement proceeding," *Wagner* lends no support to *Hardin*'s conclusion that attorney's fees may be taxed as child support in a non-enforcement modification suit under a necessaries theory of recovery. *See Wagner*, 905 S.W.2d at 803 ("Thus, a paternity action is by its very nature an enforcement proceeding; a proceeding that recognizes a man as a child's father and enforces his legal obligation to support his child.").

[6] To whatever extent that *A.J.L.* and *Daniels* recognize the necessaries theory of recovery, it is worth noting that the Fort Worth and Tyler Courts of Appeals have since held, with unmistakable clarity, that attorney's fees are taxable as child support exclusively in suits of enforcement. *See In re V.T.*, No. 2-03-248-CV, 2004 WL 1353024, at *3 (Tex. App.—Fort Worth June 17, 2004, pet. denied) (mem. op.) ("For the reasons expressed in *In re Moers*, we join our sister courts in Houston, Waco, and Dallas in holding that attorney's fees and costs may not be taxed or characterized as child support when they are incurred in a suit brought to modify the parent-child relationship that does not involve the enforcement of a child support obligation." (footnote omitted)); *In re M.A.F.*, No. 12-08-00231-CV, 2010 WL 2178541, at *9 (Tex. App.—Tyler May 28, 2010, no pet.) (mem. op.) ("Attorney's fees and costs may not be taxed or characterized as child support when they are incurred in a suit brought to modify the parent-child relationship that does not involve the enforcement of a child support obligation.").

13

as child support in a non-enforcement modification suit. *Ante*, at 13–14. The majority relies on five cases in particular. *See id.* (citing *In re J.A.D.*, No. 14-08-00689-CV, 2010 WL 2649961, at *1–4 (Tex. App.—Houston [14th Dist.] July 6, 2010, no pet.) (mem. op.); *In re A.J.J.*, No. 2-04-265-CV, 2005 WL 914493, at *5–6 (Tex. App.—Fort Worth Apr. 21, 2005, no pet.) (mem. op.), *disapproved on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011); *Stevens v. Stevens*, No. 05-03-00249-CV, 2003 WL 21999900, at *2–3 (Tex. App.—Dallas Aug. 25, 2003, no pet.) (mem. op.); *A.J.L.*, 108 S.W.3d at 421–22; and *In re W.J.S.*, 35 S.W.3d 274 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). The majority's argument fails because, as with the authorities from the Texas Supreme Court, all five cases stand for completely separate propositions. *See J.A.D.*, 2010 WL 2649961, at *2–4 (whether a "prevailing party" could be ordered to pay attorney's fees)[7]; *A.J.J.*, 2005 WL 914493, at *5 (whether the evidence was sufficient to support a judgment for attorney's fees); *Stevens*, 2003 WL 21999900, at *2 (whether the evidence supported the trial court's decision to modify the parent-child relationship); *A.J.L.*, 108 S.W.3d at 421–22 (whether a nonparent could be ordered to pay attorney's fees in the nature of child support); *W.J.S.*, 35 S.W.3d at 276–77 (whether the trial court erred by dismissing a suit for lack of personal jurisdiction).[8]

---

[7] The majority suggests that *J.A.D.* is directly "on point." *Ante*, at 20 n.10. Only one question was presented in that case: "In a single issue, [Father] contends the trial court erred by ordering him to pay [Mother's] attorney's fees because he was the prevailing party at trial." *J.A.D.*, 2010 WL 2649961, at *2. This court was not called to decide whether the trial court also erred by taxing the attorney's fees as necessaries, or whether a judgment for necessaries is enforceable in the same manner as child support. Any language regarding the manner in which those fees were taxed is accordingly dicta.

[8] As with the *A.J.L.* decision, which I have already addressed, *supra* note 6, the majority's reliance on *A.J.J.* and *Stevens* is especially misplaced, considering that the Fort Worth and Dallas Courts of Appeals have clearly held that attorney's fees may only be taxed as child support in suits of enforcement. *See In re A.S.Z.*, No. 2-07-259-CV, 2008 WL 3540251, at *1 (Tex. App.—Fort Worth Aug. 14, 2008, no pet.) (per curiam) (mem. op.) ("In a child support enforcement action, the trial court may assess attorney's fees as child support, but in a suit affecting the parent-child relationship, the trial court may assess attorney's fees as costs, not child support."); *In re A.M.W.*, 313 S.W.3d 887, 893 (Tex. App.—Dallas 2010, no pet.) ("In this case, the attorney's fees were awarded on a motion to modify, not on a motion to enforce delinquent child support obligations. Therefore, there is no basis in the facts or the law to characterize the award of attorney's fees as 'in the nature of child support.'" (internal quotations omitted)).

14

Six other courts of appeals have examined the issue we consider today, and in no less than nineteen reported and memorandum opinions, they have all concluded that attorney's fees may never be taxed as child support in a non-enforcement modification suit. *See In re A.M.W.*, 313 S.W.3d 887, 893–94 (Tex. App.—Dallas 2010, no pet.); *In re K.J.D.*, 299 S.W.3d 517, 518–19 (Tex. App.—Dallas 2009, no pet.); *In re M.A.N.M.*, 231 S.W.3d 562, 566 (Tex. App.—Dallas 2007, no pet.); *Keith v. Keith*, 221 S.W.3d 156, 168 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Naguib v. Naguib*, 183 S.W.3d 546, 547–48 (Tex. App.—Dallas 2006, no pet.); *Finley v. May*, 154 S.W.3d 196, 199 (Tex. App.—Austin 2004, no pet.); *In re J.C.K.*, 143 S.W.3d 131, 143 (Tex. App.—Waco 2004, no pet.); *Moers*, 104 S.W.3d at 611–12; *Ex parte Hightower*, 877 S.W.2d 17, 21 (Tex. App.—Dallas 1994, orig. proceeding, writ dism'd w.o.j.); *In re M.A.F.*, No. 12-08-00231-CV, 2010 WL 2178541, at *9 (Tex. App.—Tyler May 28, 2010, no pet.) (mem. op.); *In re Sanner*, No. 01-09-00001-CV, 2010 WL 2163140, at *17 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.); *In re Gunnstaks*, No. 05-07-01289-CV, 2010 WL 22795, at *2 (Tex. App.—Dallas Jan. 6, 2010, no pet.) (mem. op.); *Nixon v. DaSilva*, No. 03-07-00166-CV, 2008 WL 3877681, at *2 (Tex. App.—Austin Aug. 22, 2008, no pet.) (mem. op.); *In re A.S.Z.*, No. 2-07-259-CV, 2008 WL 3540251, at *1 (Tex. App.—Fort Worth Aug. 14, 2008, no pet.) (per curiam) (mem. op.); *Johnson v. Johnson*, No. 03-02-00427-CV, 2005 WL 3440773, at *5 (Tex. App.—Austin Dec. 16, 2005, no pet.) (mem. op.); *Kogel v. Robertson*, No. 03-04-00246-CV, 2005 WL 3234627, at *10 (Tex. App.—Austin Dec. 2, 2005, no pet.) (mem. op.); *In re Watson*, No. 2-05-169-CV, 2005 WL 1593481, at *2 (Tex. App.—Fort Worth July 7, 2005, orig. proceeding) (per curiam) (mem. op.); *Ross v. Velwood*, No. 03-03-00351-CV, 2004 WL 1685510, at *2 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op.); *In re V.T.*, No. 2-03-248-CV, 2004 WL 1353024, at *3 (Tex. App.—Fort Worth June 17, 2004, pet. denied) (mem. op.); *see also In re K.A.R.*, 171 S.W.3d 705, 712 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (Frost, J.) (agreeing, post-*Hardin*, to modify a judgment in a non-enforcement modification suit by deleting all characterization of attorney's fees as

child support upon party's concession of error). The reasoning in this line of cases is sound and consistent with the statutory analysis I have conducted in Sections I and II of this dissent. The majority gives no principled explanation as to why the Fourteenth Court of Appeals should depart from the consensus.

## V. The Majority Has Completely Disregarded This Court's Prior Decision in *Roosth v. Daggett*

In *Roosth v. Daggett*, decided ten years before *Hardin*, this court held in very clear terms that the characterization of attorney's fees depended entirely upon the nature of the underlying proceeding. *See Roosth v. Daggett*, 869 S.W.2d 634, 636–37 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding). We observed that fees in a suit for child support enforcement may be assessed as "necessities" to the child. *Id.* at 636. By virtue of this classification, we reasoned that attorney's fees accruing under a suit for enforcement were taxable as child support and enforceable through contempt. *Id.*

We also observed that there were other types of suits affecting the parent-child relationship, and that such proceedings were "other than necessities for a child's support." *Id.* at 636–37. In these types of suits, we stated that attorney's fees may only be considered as "a debt . . . not enforceable by contempt." *Id.*

The majority's rule effectively eliminates the distinction we articulated in *Daggett*. After today's ruling, attorney's fees may be enforceable as child support—that is, by contempt—not according to the nature of the underlying proceeding, but whenever "the services performed by the attorney have a relationship to the needs of the child." *Hardin*, 161 S.W.3d at 25; *ante*, at 24 (reaffirming *Hardin*'s necessaries theory of recovery). This is no test at all because the services of an attorney will *always* and *inevitably* have *some* relationship to the needs of the child in a suit affecting the parent-child relationship. If the majority's rule truly represents the law on this issue, and the trial court is always permitted to render judgment for attorney's fees in the nature of child support, then the

16

distinction between Sections 106.002 and 157.167 is essentially meaningless. I am not persuaded that that is the case.

The majority attempts to distinguish *Daggett* on the basis that it was decided before the enactment of Section 157.167. *Ante*, at 23. But Rule 308a of the Texas Rules of Civil Procedure was in effect at that time, and its terms plainly permitted a judgment for attorney's fees in a suit for child support enforcement. *See* Tex. R. Civ. P. 308a. Although Rule 308a did not expressly authorize the judgment to be taxed in the nature of child support, the Texas Supreme Court has held that a parent may be held in contempt under Rule 308a for failing to pay attorney's fees incurred in a suit for child support enforcement. *See Helms*, 259 S.W.2d at 188–89; *accord Hightower*, 877 S.W.2d at 21; *Ex parte Rogers*, 633 S.W.2d 666, 670–71 (Tex. App.—Amarillo 1982, no pet.) (observing the supreme court's interpretation in *Helms* and further noting the effort by Texas courts "to limit any extension of the 'duty of support' exception to those services and costs required for obtaining child support"). The exact language of Section 157.167 may not have been written in 1994, but that omission should hardly affect *Daggett*'s applicability today.

The majority also claims that *Daggett* is distinguishable because it "did not address attorney's fees in a non-enforcement modification suit, and the court did not state that attorney's fees were the only fees that could be 'necessities.'" *Ante*, at 24. It is true that *Daggett* did not specifically address non-enforcement *modification* suits, but our opinion very clearly drew a line between enforcement and *non-enforcement* types of actions. In pertinent part, we stated the following:

> While it is true that, in a suit affecting the parent-child relationship, the attorney's fees are often incurred for the benefit of the child, such fees are not automatically "in the nature of child support." These fees were not incurred for the *enforcement* of a child support obligation. Rather, the fees arise from a joint divorce proceeding and suit affecting the parent-child relationship, in which a child support obligation was *created*. Because these fees were specifically designated as *costs* under § 11.18 [currently Section

17

106.002], and are part of the divorce proceedings, we find that the fees are a debt . . . .

*Daggett*, 869 S.W.2d at 637.

Inexplicably, the *Hardin* Court cited *Daggett* as authority, even though *Daggett* is directly at odds with *Hardin*'s ultimate conclusion. *See Hardin*, 161 S.W.3d at 26–27 (holding that a judgment for attorney's fees may be rendered in the nature of child support, regardless of whether the underlying action is one of enforcement or modification). With the exception of *Hardin* and today's majority, many courts have applied *Daggett* in cases such as this, construing it to mean that attorney's fees must accrue in a suit for enforcement before they may be taxed as child support. *See, e.g.*, *Moers*, 104 S.W.3d at 611–12; *McCloskey v. McCloskey*, No. 14-06-00470-CV, 2009 WL 3335868, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2009, pet. denied) (mem. op.); *In re D.C.M.*, No. 14-06-00844-CV, 2008 WL 4146785, at *10 (Tex. App.—Houston [14th Dist.] Sept. 9, 2008, pet. denied) (mem. op.); *Duruji v. Duruji*, Nos. 14-05-01885-CV & 14-05-01186-CV, 2007 WL 582282, at *8 (Tex. App.—Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.); *Watson*, 2005 WL 1593481, at *2; *V.T.*, 2004 WL 1353024, at *3; *Ex parte Castillo*, No. A14-94-00547-CV, 1994 WL 362252, at *1 (Tex. App.—Houston [14th Dist.] July 14, 1994, orig. proceeding) (mem. op.).

As I read them, *Daggett* and *Hardin* cannot be reconciled. The majority may decide to uphold *Hardin* and expressly overrule *McCloskey* and *D.C.M.*, but I believe the conflict within our precedent still persists so long as *Daggett* and *Hardin* are allowed to stand together.

## VI.    Conclusion

The majority holds today that attorney's fees may be taxed as child support in a non-enforcement modification proceeding. I would overrule *Hardin* and hold that the trial court may only render judgment as child support in suits involving the enforcement of a prior order.

18

Today's en banc decision may purport to resolve a conflict within the jurisprudence of the Fourteenth Court of Appeals, but it perpetuates an unnecessary division with the other courts of appeals that have examined this issue, including the First Court of Appeals, whose decisions are just as authoritative to the attorneys and trial courts within our shared jurisdiction. Because of this split in authority, I urge the legislature or the Texas Supreme Court to provide clarification on this issue at the earliest opportunity.

/s/    Tracy Christopher
        Justice

The en banc court consists of Chief Justice Hedges and Justices Frost, Seymore, Brown, Boyce, Christopher, Jamison, and McCally. Justice Anderson is not participating.

Justices Seymore, Brown, Boyce, and Jamison join the En Banc Majority Opinion authored by Justice Frost. Justice Frost issues a separate En Banc Concurring Opinion in which Justices Seymore and Brown join. Justice Jamison issues an En Banc Concurring Opinion. Justice Christopher issues an En Banc Dissenting Opinion in which Chief Justice Hedges and Justice McCally join.